**AIRCO, INC., Appellant,**

v.

**Beatrice TIJERINA et al., Appellees.**

**No. 16430.**

Court of Civil Appeals of Texas, San Antonio.

Dec. 19, 1979.

Rehearing Denied Feb. 27, 1980.

Lev Hunt, Kleberg & Weil, Corpus Christi, for appellant.

William R. Edwards, Edwards & Perry, Corpus Christi, for appellees.

## OPINION

PER CURIAM.

The judgment from which defendant, Airco, Inc., is attempting to appeal was signed by the trial judge on July 6, 1979. At 8:33 a. m., on July 16, 1979, defendant filed an instrument captioned "Motion for Remittitur of Defendant Airco, Inc." At 10:00 a. m. on the same day defendant filed an instrument captioned "Motion for New Trial of Defendant Airco, Inc."

On August 3, 1979, defendant filed an instrument designated as "Amended Motion for New Trial of Defendant Airco, Inc." Defendant filed its cash deposit in lieu of an appeal bond on October 9, 1979.

Plaintiff, Beatrice Tijerina, has filed a motion to dismiss the appeal on the ground that the appeal bond was not timely filed.

Rule 356, Texas Rules of Civil Procedure, provides that the appeal bond or cash deposit in lieu of bond be filed within 30 days after rendition of judgment or order overruling motion for new trial, or after the

motion for new trial has been overruled by operation of law. In this case, if the instrument designated as defendant's amended motion for new trial was properly filed on August 3, 1979, in the absence of any action on the motion by the trial court, such "amended motion" was overruled by operation of law on September 17, 1979, 45 days after it was filed, Tex.R.Civ.P. 329b(4); and the cash deposit made on October 9, 1979, was timely made and perfected the appeal.

Rule 329b(4) provides that not more than one amended motion for new trial may be filed. If the motion designated "Motion for Remittitur" filed by defendant on July 16, 1979, was in fact a motion for new trial, then it is clear that the instrument designated "Motion for New Trial" filed later the same day must be considered an amended motion for new trial; in which case the instrument described as an amended motion for new trial, filed on August 3, 1979, must be considered a nullity, since the Rule, in explicit language, prohibits the filing of more than one amended motion for new trial. *Gaber Co. v. Rawson*, 549 S.W.2d 19, 21 (Tex.Civ.App.—Houston [14th Dist.] 1979, writ ref'd n. r. e.).

Rule 5 prohibits the trial judge from enlarging the period for taking an appeal except as stated in the Rules. Clearly, a party cannot be permitted to enlarge such period by taking action which is prohibited by the Rules. Therefore, a second amended motion for new trial must be disregarded in computing the period during which the required appellate steps must be taken. If the first instrument filed on July 16, 1979, was a motion for new trial, then the second instrument filed later that day was an amended motion for new trial, and in the absence of action on such motion by the trial court, it was overruled by operation of law on August 30, 1979. Under such circumstances, the deposit of cash in lieu of an appeal bond on October 9, 1979, was not made within 30 days after the amended motion for new trial was overruled by operation of law, and defendant failed to perfect its appeal.

The nature of the first motion filed in this case must be determined from its substance, and not from its designation by defendant. *Cf.* Tex.R.Civ.P. 71. In what it described as a motion for remittitur, defendant alleged that the trial court erred in overruling defendant's objections to certain testimony, and that "the above rulings of the Court, plus the comments of the Court and the actions of the Court in granting the Motion for Instructed Verdict of [a codefendant], all operated to the detriment of and prejudice to the Defendant Airco, Inc." The instrument also contained an allegation that the damages found by the jury and the judgment rendered by the court were excessive, and that a remittitur should be ordered.

In its prayer, defendant prayed "the Court to direct remittitur herein and, in the event Plaintiffs do not file such remittitur, that new trial be granted."

In *Mercer v. Band*, 454 S.W.2d 833, 836 (Tex.Civ.App.—Houston [14th Dist.] 1970, no writ), it was said that if an instrument is to have effect as a motion for new trial, it must seek to have an existing judgment set aside and request a relitigation of the issues. *Cf. Worth Steel Corp. v. Gartman*, 361 S.W.2d 426, 429 (Tex.Civ.App. —Fort Worth 1962, writ ref'd n. r. e.). If a pleading, filed after judgment has been signed alleges that the trial court erred in its rulings and that the verdict and judgment are excessive, and, on the basis of such allegations, prays that a new trial be granted, there can be no doubt that such pleading is a motion for new trial. We believe the same is true of a pleading which prays for a new trial in the alternative. 4 R. McDonald, Texas Civil Practice § 18.07.1, p. 258 (1971 rev.). It must be concluded that the instrument described as a motion for remittitur was, in fact, a motion for new trial, and that the second pleading filed by defendant designated as a motion for new trial was, in fact, an amended motion for new trial which was overruled by operation of law on August 30, 1979. Since defendant did not make the necessary cash

deposit in lieu of bond within 30 days from that date, it failed to perfect its appeal.

The appeal is dismissed.