**AIRCO, INC., Petitioner,**

v.

**Beatrice TIJERINA et al., Respondents.**

**No. B–9283.**

Supreme Court of Texas.

July 2, 1980.

Kleberg, Dyer, Redford & Weil, Lev Hunt, Corpus Christi, for petitioner.

Edwards & Perry, William R. Edwards, Meredith, Donnell & Edmonds, Ben A. Donnell, Corpus Christi, for respondents.

PER CURIAM.

On motion for rehearing, the original opinion of this Court delivered on May 7, 1980 is withdrawn and the following is substituted.

The court of civil appeals dismissed petitioner's appeal for want of jurisdiction on the grounds that the appeal bond was not timely filed. 598 S.W.2d 5. We disagree.

■■■ The final judgment was signed on July 6, 1979. On July 16, 1979 petitioner filed an instrument captioned "Motion for New Trial of Defendant Airco, Inc." and on August 3, 1979 it filed an instrument captioned "Amended Motion for New Trial of Defendant Airco, Inc." The trial court overruled the amended motion for new trial on September 12, 1979 and on October 9, 1979 petitioner filed a Certificate of Deposit in lieu of an appeal bond.

Rule 329b [1] provides that a motion for new trial, if filed, shall be filed within ten days after the judgment is rendered and may be amended within twenty days after the original motion for new trial is filed. Rule 356 provides that the appeal bond or cash deposit in lieu of bond be filed within 30 days after the order overruling the motion for new trial or after a motion for new trial is overruled by operation of law.

The petitioner was within each of these time periods in its attempted appeal from the trial court judgment. However, the court of civil appeals concluded that an instrument captioned "Motion For Remittitur of Defendant Airco, Inc." which was received by the District Clerk in the same envelope with the motion for new trial on July 16, 1979, but inadvertently filed prior to the latter, should be considered as an original motion for new trial.[2] It then considered the motion for new trial filed on July 16 as an amended motion for new trial. This had the effect of making petitioner's amended motion for new trial which was filed on August 3, 1979 a nullity. The court of civil appeals held that the July 16 motion for new trial was overruled by operation of law on August 30, 1979. Thus, the court reasoned that the cash deposit made on

October 9, 1979 did not timely perfect an appeal.

It was error to hold that Airco, Inc.'s motion for remittitur and motion for new trial, tendered to the clerk together, were separate motions for new trial. The court of civil appeals' holding that the appeal was not timely perfected is contrary to Rule 329b. In *Bay v. Mecom*, 393 S.W.2d 819 (Tex.1965), we said:

"Appellate review of trial court judgments disposing of the substantive rights of litigants is a valuable right and should not be denied when under a liberal interpretation of the Rules it is possible to give it. . . ."

Accordingly, the application for writ of error is granted and, without hearing oral argument, we reverse the judgment of the court of civil appeals and remand the cause to that court. Rule 483.

The motion for rehearing is overruled.

---

1. All references to rules are to Texas Rules of Civil Procedure.

2. In *Standard Fire Insurance Company v. La-Coke*, 585 S.W.2d 678, we said:

"The rule is traditionally stated to be that an instrument is deemed in law filed at the time it is left with the Clerk, regardless of whether or not a file mark is placed on the instrument and regardless of whether the file mark gives some other date of filing."