IN THE SUPREME COURT OF TEXAS








IN THE SUPREME COURT OF TEXAS
 
════════════
No. 05-0300
════════════
 
In re Brookshire Grocery 
Company, Relator
 
 
════════════════════════════════════════════════════
On Petition for Writ of Mandamus
════════════════════════════════════════════════════
 
 
Argued March 23, 
2006
 
 
Justice Hecht, joined by Justice Wainwright, Justice Brister, and Justice Green, dissenting.
 
 
Procedural 
rules exist to subserve the presentation and resolution of cases on their 
merits. As Rule 1 of the Texas Rules of Civil Procedure states, “[t]he proper 
objective of rules of civil procedure is to obtain a just, fair, equitable and 
impartial adjudication of the rights of litigants under established principles 
of substantive law.” The rules are written to achieve this purpose and must be 
construed accordingly.
 
            
This court has labored long and hard to remove as many procedural traps 
from our rules as possible. Litigants are entitled to have their disputes 
resolved on the merits, not on unnecessary and arcane points that can sneak up 
on even the most diligent of attorneys.[1]
 
 
            
Tricky procedural rules threaten substantive rights.[2] Take this case in point. Rule 329b of the 
Texas Rules of Civil Procedure gives a trial court thirty days after a judgment 
is signed to change it or grant a new trial,[3] but that period is extended if, within 
the thirty days, a motion assailing the judgment is filed.[4] The rule specifically mentions motions 
for new trial or to modify, correct, or reform the judgment but would include 
anything else that has the same effect.[5] The rule contemplates that a litigant may 
file multiple motions within the thirty-day, post-judgment period. The 
overruling of a motion for new trial does not preclude another motion assailing 
the judgment, and vice versa.[6] Nothing in Rule 329b suggests that the 
overruling of a motion to modify, correct, or reform the judgment precludes a 
litigant from filing another such motion later within the same thirty-day 
period. With respect to motions for new trial, paragraph (b) states:
 
            
One or more amended motions for new trial may be filed without leave of 
court before any preceding motion for new trial filed by the movant is overruled and within thirty days after the 
judgment or other order complained of is signed.
 
 
This paragraph 
does not say that a second motion cannot be filed after the first one is 
overruled; on the contrary, it implies, at least, that an amended motion 
can be filed after a preceding motion is overruled, as long as the 
amended motion is filed within thirty days after the judgment is signed and with 
leave of court.
            
 Rule 329b is thus susceptible to being construed to provide that 
any motion assailing a judgment that is allowed to be filed within thirty days 
of the judgment extends the thirty-day period, regardless of whether any other 
motion has been filed or overruled. Nevertheless, the Court construes paragraph 
(b) to create an exception for one kind of post-trial motion: an amended motion 
for new trial filed after a first motion for new trial has been overruled. In 
the Court’s view, overruling a motion for new trial does not preclude any other 
motion assailing the judgment except a second motion for new trial. The Court’s 
construction is certainly not required by the text of the rule and conflicts 
with the rule’s implication that an amended motion for new trial can be filed 
with leave of court. The Court does not suggest that its exception in any way 
benefits post-judgment procedure, and it is hard to imagine how it could. This 
one obscure exception — not clearly required by the text and without practical 
justification or benefit — creates a trap for the unwary that can result in a 
significant loss of rights. A trial court’s grant of a new trial is voided. 
Moreover, a party might fail to timely perfect an appeal if he failed to notice 
this exception to the rule and thought that when the trial court granted his 
amended motion for new trial it still had power to do so. Even if a party timely 
perfected appeal, as Brookshire Grocery did in this case,[7] it could not complain of error asserted 
in the subsequent motion because an untimely amended motion for new trial does 
not preserve a complaint for appeal.[8] Thus, in the appeal in this case, the 
court of appeals held that factual insufficiency complaints, which must be 
raised in a motion for new trial,[9] were not preserved by the second motion 
for new trial.[10] A second motion for new trial, filed 
within thirty days of the judgment and with leave of court but after a first 
motion has been overruled, cannot preserve a complaint on appeal, even if the 
complaint did not arise before the first motion was overruled. To reduce the 
risk that issues for appeal will unavoidably be lost, a party must wait as long 
as possible to move for a new trial. The Court’s construction of Rule 329b 
simply does not assure the just and fair adjudication of issues on appeal as 
mandated by Rule 1.
            
The Court justifies its reading of Rule 329b by recounting the history of 
the procedure governing motions for new trial, but the Court does not give 
sufficient importance to a significant change in the procedural theory reflected 
in the 1981 amendments. After those amendments, allowing but one motion for new 
trial no longer made sense.
            
Before the 1981 amendments to the Rules of Civil Procedure, only a 
timely-filed motion for new trial could extend a trial court’s plenary power 
over its judgment.[11] A motion for judgment non obstante veredicto did not have that effect,[12] and the rules did not expressly provide 
for motions to modify, correct, or reform a judgment,[13] though a trial court had the power to 
take such actions while its plenary power lasted.[14] Furthermore, Rule 329b placed strict 
limits on motions for new trial as follows:
 
            
1.         A motion for new trial 
when required shall be filed within ten (10) days after the judgment or other 
order complained of is rendered.
 
            
2.         An original motion for 
new trial filed within said ten (10) day period may be amended without leave of 
court. Said amended motion shall be filed before the original motion is acted 
upon and within twenty (20) days after the original motion for new trial is 
filed. Not more than one amended motion for new trial may be filed.[15]
 
 
            
The 1981 amendments overhauled the rule. They recognized for the first 
time the trial court’s authority to alter a judgment other than by granting a 
new trial and specifically permitted motions for such alterations. They extended 
the period for filing a motion for new trial or other motion to alter a judgment 
from ten to thirty days and pegged the beginning of the period at the signing, 
rather than rendition, of judgment. They removed the prohibition on more than 
one amended motion for new trial and changed the deadline for amended motions to 
run from the signing of the judgment rather than the filing of the first motion 
for new trial. As for whether a party could file an amended motion for new trial 
after a prior motion had been overruled, the new rule was not perfectly clear. 
The old rule, stated in separate sentences in paragraph 2, required that an 
amended motion for new trial be filed before the original motion was overruled. 
The new rule combined and rewrote the two sentences to become what is now 
paragraph (b) of Rule 329b:
 
            
One or more amended motions for new trial may be filed without leave of 
court before any preceding motion for new trial filed by the movant is overruled and within thirty days after the 
judgment or other order complained of is signed.
 
 
Repositioning 
the phrase “without leave of court” allows a reasonable inference that a 
litigant may file an amended motion for new trial after a preceding motion for 
new trial has been overruled, so long as the court grants leave and the motion 
is otherwise timely.
            
As the Court explains, Rule 329b originally provided that a motion for 
new trial could be amended only “by leave of court”, and that in 1967, after we 
had held the requirement to be pro forma,[16] we changed “by” to “without”.[17] “Accordingly,” the Court concludes, 
“throughout the history of Rule 329b, timely amended motions for new trial have 
always been limited to those filed before the trial court overruled a preceding 
motion, regardless of whether leave of court was required.”[18] But the 1981 amendments did not merely 
tweak the rule; they were a complete makeover. We should not presume that the 
historical insignificance of obtaining leave of court to file an amended motion 
survived these amendments.
            
Although at one time, post-judgment procedure permitted by Rule 329b was 
strictly limited, the 1981 amendments were an effort to restate the more lenient 
practice that had evolved despite the language of the rule. If motions other 
than a motion for new trial can extend the trial court’s plenary jurisdiction as 
long as they assailed the judgment, and if multiple motions can be filed 
regardless of whether one had been overruled, then it makes no sense for an 
amended motion for new trial to be the one exception to this general 
practice.
            
The text of the amended rule does not require either my construction or 
the Court’s. Given two reasonable constructions, Rule 1 requires the one less 
likely to create pitfalls for litigants.
            
Relator Brookshire Grocery moved for a new 
trial after verdict but before judgment. At a hearing on the motion, 
Brookshire’s counsel explained to the trial court that she had included one 
ground in the motion that she wanted the court to consider before rendering 
judgment on the verdict, but that if the court denied the motion on that ground, 
she would file a “comprehensive” post-judgment motion on other grounds. After 
argument, the court announced that it would deny the motion, render judgment on 
the verdict, and then “look more carefully at the other points” Brookshire’s 
counsel had mentioned. That is exactly what it did. Brookshire filed a second 
motion for new trial 29 days after the judgment was signed (28 days after the 
first motion was denied), and the court granted it 25 days later. By considering 
the second motion, as well as by its statements at the hearing on the first 
motion, the court effectively granted leave to file.[19] I would hold that the overruling of 
Brookshire’s first motion did not preclude the second and therefore, the court’s 
order granting a new trial was not void.
            
Even if the Court’s construction of Rule 329b were correct, the exception 
it finds in the rule for amended motions for new trial should not operate to 
void the trial court’s order. The nature of a motion is determined by its 
substance, not its caption.[20] In substance, Brookshire’s second motion 
asked for a modification in the judgment — to order that the plaintiff take 
nothing.[21] Rule 329b(g) expressly provides that the 
overruling of a motion for new trial does not preclude the filing of a motion to 
modify a judgment; the court’s plenary power extends “until thirty days after 
all such timely-filed motions [to modify] are overruled, either by a written and 
signed order or by operation of law, whichever occurs first”;[22] and in any event the trial court granted 
Brookshire’s second motion before 75 days after the trial court signed the 
judgment, at which point the motion would have been considered overruled by 
operation of law.[23] If this analysis stretches “modify” too 
far and turns the rule into a game of semantics, so does the Court’s creation of 
an exception for one kind of motion assailing the judgment. To avoid meaningless 
technicalities, we have held that even an instrument called a “bill of review”, 
filed withing thirty days of the signing of a 
judgment, extends the trial court’s plenary power.[24] If Brookshire’s second motion would have 
been timely had it been misnamed a “bill of review”, surely it should not be 
untimely because the caption was more descriptive. The validity of the trial 
court’s order should not turn on the name Brookshire chose, or did not choose, 
to call its second motion.
            
I would conditionally grant mandamus, and therefore I respectfully 
dissent.
 
 
_______________________________
 
Nathan L. 
Hecht
                                                                        
Justice
 
 
Opinion delivered: January 4, 
2008







[1] 
Donwerth v. Preston II Chrysler-Dodge, 
Inc., 775 S.W.2d 634, 643 (Tex. 1989) (Ray, J., joined by Mauzy and Hecht, JJ., 
concurring).

[2] 
See Lane Bank Equip. Co. v. Smith So. 
Equip., Inc., 10 S.W.3d 308, 314 (Tex. 2000) (Hecht, J., concurring) 
(“Appellate procedure should not be tricky.”); Airco, Inc. v. Tijerina, 603 S.W.2d 785, 786 (Tex. 1980) (per curiam) (“‘Appellate review of trial court judgments 
disposing of the substantive rights of litigants is a valuable right and should 
not be denied when under a liberal interpretation of the Rules it is possible to 
give it.’” (quoting Bay v. Mecom, 393 S.W.2d 819, 820 (Tex. 1965)).

[3] 
Tex. R. Civ. P. 329b(d) (“The 
trial court, regardless of whether an appeal has been perfected, has plenary 
power to grant a new trial or to vacate, modify, correct, or reform the judgment 
within thirty days after the judgment is signed.”).

[4] 
Tex. R. Civ. P. 329b(e) (“If a motion for new trial is timely filed by any 
party, the trial court, regardless of whether an appeal has been perfected, has 
plenary power to grant a new trial or to vacate, modify, correct, or reform the 
judgment until thirty days after all such timely-filed motions are overruled, 
either by a written and signed order or by operation of law, whichever occurs 
first.”); Tex. R. Civ. P. 329b(g) (“A motion to modify, correct, or reform a judgment 
(as distinguished from motion to correct the record of a judgment under Rule 
316), if filed, shall be filed and determined within the the time prescribed by this rule for a motion for new trial 
and shall extend the trial court’s plenary power and the time for perfecting an 
appeal in the same manner as a motion for new trial.”).

[5] 
See Gomez v. Tex. Dep’t of Crim. Justice, 896 S.W.2d 176, 176-177 
(Tex. 1995) (per curiam) (treating an instrument filed 
as a “bill of review” as assailing the judgment and thus extending the time for 
perfecting appeal and the trial court’s plenary jurisdiction to alter its 
judgment); see also Kirschberg v. 
Lowe, 974 S.W.2d 844, 847-848 (Tex. App.–San Antonio 1998, no pet.) (treating a motion for judgment non obstante veredicto as assailing the judgment and concluding that “the 
filing of any postjudgment motion or other instrument 
that (1) is filed within the time for filing a motion for a new trial and (2) 
‘assail[s] the trial court’s judgment’ extends the appellate 
timetable.”).

[6] 
Tex. R. Civ. P. 329b(g) (“The overruling of [a motion to modify, correct, or 
reform a judgment] shall not preclude the filing of a motion for new trial, nor 
shall the overruling of a motion for new trial preclude the filing of a motion 
to modify, correct, or reform.”).

[7] 
See Brookshire Grocery Co. v. Goss, 206 S.W.3d 706 (Tex. App.–Texarkana 
2006).

[8] 
See Moritz v. Preiss, 121 S.W.3d 715, 
720-721 (Tex. 2003) (holding that an amended motion for new trial filed before 
the first motion was overruled but more than thirty days after judgment was 
signed does not preserve complaints for appeal).

[9] 
Tex. R. Civ. P. 324(b)(2).

[10] Brookshire Grocery, 206 S.W.3d at 713-714.

[11] Tex. R. Civ. P. 330(j)-(l) (1941), 
adopted by Order of the Supreme Court of Texas, Adopting Rules of Civil 
Procedure, 136 Tex. 442, 544 (Oct. 29, 1940, eff. Sept. 1, 1941), repealed and 
recodified as Tex. R. Civ. P. 329b (1955)) by Order 
of the Supreme Court of Texas, Adopting Amendments, printed in 17 Tex. Bar. J. 566, 569-570 (July 20, 
1954, eff. Jan. 1, 1955), as amended by Order of the Supreme Court of Texas, 
Adopting Amendments, printed in 23 Tex. 
Bar. J. 619, 681-682 (July 26, 1960, eff. Jan. 1, 1961), as amended by 
Order of the Supreme Court of Texas, Adopting Amendments, 401-402 S.W.2d xxi, 
xxxiii-xxxv (July 20, 1966, eff. Jan. 1, 1967), as amended by Order of the 
Supreme Court of Texas, Adopting Amendments, 483-484 S.W.2d xxi, xli-xliii (Oct. 
3, 1972, eff. Feb. 1, 1973).

[12] Walker v. S & T Truck Lines, 
Inc., 409 S.W.2d 942, 944-945 (Tex. Civ. App.–Corpus Christi 1966, writ 
ref’d).

[13] Lane Bank, 10 S.W.3d at 316 (Hecht, 
J., concurring) (“Before 1981, no rules prescribed procedures for modifying, 
correcting, or reforming judgments.”) (citing Thomas M. Reavley & David L. Orr, Trial Court’s Power to Amend 
Its Judgments, 25 Baylor L. 
Rev. 191, 206 (1973) (“The procedure governing the exercise of a trial 
court’s plenary power before the judgment becomes final is not 
well-established.”)).

[14] Transamerican Leasing Co. v. Three Bears, Inc., 567 S.W.2d 799, 800 (Tex. 1978) (per curiam).

[15] Tex. R. Civ. P. 329b (1978).

[16] Consolidated Furniture Co. v. Kelly, 
366 S.W.2d 922, 923 (Tex. 1963) (“The filing of an amended motion for new trial 
within the time provided by Rule 329b is a matter of right and it would be an 
abuse of discretion for the court to deny leave for its filing. . . . The leave 
of the court is a matter of course. The only object is to give notice of the 
amendment.”).

[17] Ante at ___.

[18] Ante at ___.

[19] See Verburgt v. Dorner, 
959 S.W.2d 615, 617 (Tex. 1997) (implied motion for extension of 
time).

[20] Surgitek, Bristol-Myers Corp. v. Abel, 997 
S.W.2d 598, 601 (Tex. 1999); State Bar v. 
Heard, 603 S.W.2d 829, 833 (Tex. 1980).

[21] Cf. Lane 
Bank, 10 S.W.3d at 312 (“And a motion made after judgment to incorporate a 
sanction as a part of the final judgment does propose a change to that 
judgment. Such a motion is, on its face, a motion to modify, correct or 
reform the existing judgment within the meaning of Rule 329b(g).”).

[22] Tex. R. Civ. P. 329b(e); see also 
L.M. Healthcare, Inc. v. Childs, 929 S.W.2d 442, 444 (Tex. 1996) (holding 
that the fact that the trial court had overruled a motion for new trial did not 
shorten the period in which the trial court had plenary power to modify a 
judgment subsequent to a motion to modify filed after the trial court had 
overruled the motion for new trial, but within thirty days after the trial court 
signed the judgment, and determining that the trial court possessed plenary 
power to modify the judgment when it did).

[23] Tex. R. Civ. P. 329b(c).

[24] Gomez, 896 S.W.2d at 177 (holding 
that an instrument labeled “bill of review” filed within thirty days of the 
judgment extended the appellate timetable because it “assailed the trial court’s 
judgment”) (quoting Miller Brewing Co. v. Villarreal, 822 S.W.2d 177, 179 
(Tex. App.–San Antonio 1991), rev’d on other 
grounds, 829 S.W.2d 770 (Tex. 1992)) (internal quotation marks 
omitted).