**DISSENT; Opinion Filed August 29, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00100-CV**

**LAURA LOPEZ, INDIVIDUALLY, ON BEHALF OF HERNAN MURILLO, DECEASED, AND AS NEXT FRIEND OF ALFONSO MURILLO, MARCOS MURILLO, ABIGAIL MURILLO, AND KAREN MURILLO, Appellant**
**V.**
**SUNSTATE EQUIPMENT CO. LLC, Appellee**

**On Appeal from the 44th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-21-02079**

## DISSENTING OPINION

Before Justices Schenck, Molberg, and Pedersen, III
Opinion by Justice Schenck

The majority concludes a plaintiff alleged sufficient facts to require reversal of the trial court's judgment dismissing her claims pursuant to rule 91a. The majority reaches its conclusions by relying on the application of the fair-notice pleading standard to its review and holding "nothing in the pleading itself triggers a clear legal bar to the claim." I disagree with our application of the fair-notice pleading standard to our review of a rule 91a decision grounded in the law, but even if I did not and applied that standard to the pleading here, I would instead conclude what the plaintiff

alleged in this case demonstrated a lack of legal liability on the part of the defendant such that the trial court properly dismissed her claim as lacking a basis in law. There is no ambiguity in the pleaded facts here. Rather, the question here is simply a legal one: whether the mere act of owning a chattel combined with failing to remove it from the proximity of adults who might misappropriate it and cause injury to themselves amounts to a viable cause of action. It does not. Accordingly, I dissent.

## BACKGROUND

After her husband Murillo died in a tragic construction-site accident involving a scissor lift owned by appellee Sunstate and leased to Johnson Equipment Company ("Johnson Equipment"), appellant Lopez filed suit, asserting claims for negligence and premises liability. According to Lopez, defendant Frito-Lay, Inc. ("Frito-Lay") owned or otherwise controlled the construction site where Murillo was working[1] and where the fatal incident happened. Her petition also alleged that Johnson Equipment had arranged for Sunstate to pick up the scissor lift days before the incident and Sunstate failed to do so, leaving the scissor lift at the construction site and still present on the day of the incident.

Sunstate answered and later filed a rule 91a motion to dismiss, urging Lopez had "no basis in law" for her claims against Sunstate. *See* TEX. R. CIV. P. 91a.1. Lopez filed her third amended petition before the hearing on the 91a motion and in

---

[1] There is no allegation that Murillo was employed by or contracted with any of the defendants, only that he was a licensed electrician and on the day of the incident had been working with two other individuals on electrical projects on the construction site.

–2–

doing so removed the claim for premises liability. After hearing the motion, the trial court signed an order granting the motion and dismissing with prejudice Lopez's claims against Sunstate on the same day as the hearing. The signed order stated the court found the motion to be meritorious but did not specify the basis for the court's ruling.

### RULES 91A AND 13 AND SPECIAL EXCEPTIONS

Generally, under rule 91a, a party may move to dismiss a cause of action on the grounds that it has "no basis *in law or* fact." TEX. R. CIV. P. 91a.1 (emphasis added). A cause of action has no basis in law "if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." *Id*. A cause of action has no basis in fact "if no reasonable person could believe the facts pleaded." *Id*. Further, except under circumstances not presented here, the court may not consider evidence in ruling on the motion and must decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits permitted under our rules. *See id.* 91a.6.

The majority correctly sets forth the standard of review as that of "de novo" and further accurately notes that the rule is not a substitute for special-exception practice under rule 91a. *See Royale v. Knightvest Mgmt., LLC*, No. 05-18-00908-CV, 2019 WL 4126600, at *4 (Tex. App.—Dallas Aug. 30, 2019, no pet.) (mem. op.). I agree that if a pleading may be corrected by special exceptions, then that is the path the defendant should take, rather than a motion pursuant to rule 91a. Thus,

according to the text of the rule, we may draw "reasonable inferences" from the allegations, but may not supply by inference or implication a "defect, omission, obscurity, duplicity, generality, or other insufficiency" to conclude what cause of action the plaintiff has pleaded.  *See* TEX. R. CIV. P. 91 (special exceptions).

Likewise, if, in the face of a rule 91a motion raising a clear legal bar to the claim, the plaintiff wishes to amend the petition to make additional, relevant allegations to support a claim, he might do so.  As every plaintiff's petition is accompanied by a mandatory signature attesting to a pre-existing "reasonable inquiry" under rule 13, our rules do not appear to countenance the file-and-hope-for-the-development-of-a-factual-basis-for-a-legally-viable-claim approach as a basis for avoiding dismissal under rule 91a.  *See In re Alford Chevrolet Geo*, 997 S.W.2d 173, 181 (Tex. 1999) (orig. proceeding) (proscribing discovery as "fishing expedition or to impose unreasonable discovery expenses on the opposing party").

Where the operative facts are fully alleged but facially invalid to establish liability as a matter of law, rule 91a calls for dismissal.  Deferring that dismissal to other, subsequent "harsh" remedies[2] increases the costs, promoting cost-deferred

---

[2] Every judgment a court enters is "harsh" to one of the parties.  Our cases have so indicated, correctly, but irrelevantly for decades. *Tanksley v. CitiCapital Commercial Corp.*, 145 S.W.3d 760, 763 (Tex. App.—Dallas 2004, no pet.) ("summary judgment" is a "harsh remedy"); *Hunsucker v. Omega Indus.*, 659 S.W.2d 692, 694 (Tex. App.—Dallas 1983, no writ) (same); *Atchison Ry. v. Parmer*, 496 S.W.2d 241, 242 (Tex. App.—Austin, 1973, no writ) ("injunction" is a harsh remedy); *Carpenter v. Carpenter*, 476 S.W.2d 469, 470 (Tex. App.—Dallas 1972, no writ) ("attachment" is a harsh remedy).  Likewise, for the losing defendant, execution on the resulting judgment will feel quite "harsh" and has been so described. *Sw. Settlement v. Randolph*, 240 S.W. 655, 657 (Tex. App.—Beaumont 1922), *rev'd sub nom*, *Houston Oil Co. v. Randolph*, 251 S.W. 794 (Tex. Com. App. 1923).  As we read and construe rules as we would statutes, applying the same rules of construction, the question is governed by their text and meaning, and thus our

(i.e., nuisance value) settlement in contravention of not only rule 91a and the discovery rules, but also rule 1, which governs the construction of all rules. Rule 1 states: "[t]he proper objective of rules of civil procedure is to obtain a just, fair, equitable and impartial adjudication of the rights of litigants *under established principles of substantive law. To the end that this objective may be attained with as great expedition and dispatch and at the least expense both to the litigants and the state as may be practicable, these rules should be given a liberal construction.*" TEX. R. CIV. P. 1 (emphases added). As our current Chief Justice and others have observed, "The rules are written to achieve this purpose and must be construed accordingly." *In re Brookshire Groc. Co.*, 250 S.W.3d 66, 73 (Tex. 2008) (orig. proceeding) (Hecht, J., dissenting); *see also Donwerth v. Preston II Chrysler-Dodge, Inc.*, 775 S.W.2d 634, 643 (Tex. 1989) (Ray, J., concurring); *Airco, Inc. v. Tijerina*, 603 S.W.2d 785, 786 (Tex. 1980) (per curiam).

## DISCUSSION

The facts alleged in the petition were that:

> On or about September 17, 2019, Johnson Equipment rented a Genie scissor lift, model GS-3246, from Sunstate. Sunstate subsequently delivered the Genie scissor lift to the Construction Site. At all times relevant to the matters herein, Frito-Lay had one or more written policies requiring the removal of the keys from equipment, such as the Genie scissor lift, when such equipment was not being actively operated. On information and belief, Sunstate knew or should have known of Frito-Lay's requirements. On information and belief, Johnson Equipment used the scissor lift on the Construction Site. . . .

---

observations that 91a (or any other) dismissal is "harsh" add little to cases turning on the proper reading of the rules. *In re Christus Spohn Hosp. Kleberg*, 222 S.W.3d 434, 437 (Tex. 2007) (orig. proceeding).

On or about September 25, 2019, Johnson Equipment scheduled a pick-up of the Genie scissor lift with Sunstate. Sunstate did not retrieve the Genie scissor lift from the Construction Site, leaving same in the possession of Frito-Lay, and possibly others (the "Frito-Lay Scissor Lift").

As the supreme court recently reminded us, when analyzing a negligence claim, we first ask whether the defendant owed the plaintiff a duty. *See JLB Builders, L.L.C. v. Hernandez*, 622 S.W.3d 860, 864 (Tex. 2021) (citing *Gharda USA, Inc. v. Control Sols., Inc.*, 464 S.W.3d 338, 352 (Tex. 2015), for elements of negligence, which are duty, breach, causation, and damages). That question is one of law for the court to decide. *Otis Eng'g v. Clark*, 668 S.W.2d 307, 309 (Tex. 1983). According to the majority, "Lopez argues Sunstate had a duty not to leave its scissor lift unattended for nine days, in an operable condition or with the key inserted in violation of Frito-Lay's rules, at a location where it was tempting for unauthorized workers to borrow the lift, as Murillo is alleged to have done." The theories of liability as described by the majority, and Lopez more particularly in her petition,[3]

---

[3] The theories pursuant to which Lopez alleged Sunstate was negligent included the following from her petition:

1. failing to exercise ordinary care to avoid reasonably foreseeable injury to Murillo;

2. exposing Murillo to unreasonable risk of harm and injury;

3. failing to maintain control of the Construction Project, the Construction Site, and/or Equipment in a reasonably safe condition;

4. failing to maintain control of the Frito-Lay Scissor Lift;

5. authoring others to operate the Frito-Lay Scissor Lift, without proper training and/or supervision, and ratifying that conduct;

6. failing to follow the rules of Frito-Lay to secure the equipment left at the Frito-Lay Facilities;

amount to one of negligent "ownership" or, to be more generous, attractive nuisance.[4]  As the attractive-nuisance doctrine is applicable only in premises-liability claims, and Lopez abandoned that claim against Sunstate, we are left with what can only be described as a negligent-ownership claim.

According to Sunstate in its rule 91a motion to dismiss, "The facts pled do not support that Sunstate breached [its] duty, or that any purported breach caused . . . damages" and that Lopez "fail[ed] to allege a single act of wrongdoing by Sunstate" and "[did] not allege sufficient facts to establish that [it] breached any duty, or that any action (or breach of duty) by Sunstate caused [Murillo's] injuries."  I agree. What Lopez asserts and the majority now holds is that a party may be liable for negligent ownership and that a duty of care to others arises from merely owning the chattel that could then be operated by some third party to its own or another's detriment.

---

7. failing to implement policies and procedures to confirm that the rules of Frito-Lay were followed; and

8. failing to supervise, train, monitor, and look out for the employees, independent contractors, and other personnel Johnson Equipment and/or Sunstate had knowledge and/or reason to believe would be at or around the Construction Project, the Construction Site, and/or the Equipment on the day of the incident.

[4] Of course, the attractive-nuisance doctrine is one that applies "when children of tender years [come] upon the premises by virtue of their unusual attractiveness," and its application transforms the duty owed by the owner or occupier of premises to the child from one owed to a trespasser to that owed to an invitee. *See Tex. Util. Elec. Co. v. Timmons*, 947 S.W.2d 191, 193 (Tex. 1997) (quoting *Banker v. McLaughlin*, 208 S.W.2d 843, 847 (Tex. 1948)).  No children are alleged to be involved in this case, and I cannot imagine at this stage in our jurisprudence the majority is suggesting the expansion of the doctrine from children to adults.

As part of its recitation of the standard of review, the majority cites a published opinion from this Court for the application of the fair-notice pleading standard to its review of the sufficiency of the pleadings' allegations. *See Thomas v. 462 Thomas Family Props., LP*, 559 S.W.3d 634, 639 (Tex. App.—Dallas 2018, pet. denied). Although other courts of appeals have applied this standard, the Texas Supreme Court has not yet spoken on whether this application is the correct lens through which to review pleadings dismissed pursuant to rule 91a or precisely how it is to apply.[5] And, I would add my own objection to its application in this context because the text of the rule itself provides the standard of review we should apply. *See* TEX. R. CIV. P. 91a.1, 91a.6. However, since our panels are bound by prior panel opinions—absent a superseding legislative or constitutional provision or a decision from the U.S. Supreme Court, the Texas Supreme Court, or this Court sitting en banc—I will accede to the reasonableness of applying this standard in this panel opinion. *See Mitschke v. Borromeo*, 645 S.W.3d 251, 256 (Tex. 2022).

Regardless of whether (or how) the fair-notice pleading standard should be applied, Lopez's petition did not contain any allegation of any conduct or cognizable inaction against Sunstate but did confirm that Sunstate owned the scissor lift and leased it to another party with full possessory interest in it. The majority relies on the allegations in the petition that (1) Frito-Lay had one or more written policies

---

[5] I see no warrant in existing caselaw from this or other courts of appeal, for instance, to permit an otherwise valid rule 91a motion to be denied because other facts, not naturally supported by inference from those alleged, might be discovered in the future.

requiring the removal of the keys from equipment, such as the scissor lift, when such equipment was not being actively operated; (2) Sunstate knew or should have known of Frito-Lay's requirements; and (3) days before the incident, Johnson Equipment scheduled a pick-up of the scissor lift with Sunstate, and Sunstate did not remove the scissor lift from the construction site, leaving same in the possession of Frito-Lay, and possibly others. But construing pleadings liberally and drawing reasonable inferences cannot permit a reviewing court to read or imply or infer essential, but absent, factual allegations to support a cause of action, especially ones that would not be cognizable as a matter of law. *See Kinder Morgan SACROC, LP v. Scurry Cty*., 622 S.W.3d 835, 849 (Tex. 2021); *see also* TEX. R. CIV. P. 91a.1.

The majority relies on a previous decision from this Court to conclude a claim for negligence is sufficiently pleaded by alleging the defendant owned a vehicle, or similar "tempting" item, and left it unattended with the keys in the ignition. In *Hunsucker v. Omega Indus.*, 659 S.W.2d 692, 694 (Tex. App.—Dallas 1983, no writ), this Court reversed and remanded a summary judgment granted to an owner of a truck where there was evidence the owner admitted to owning the truck involved in an alleged accident and that at the time of the accident, the truck was routinely stored with keys in the ignition in a locked building. The *Hunsucker* court agreed the summary judgment as to negligence per se was correctly granted, but stated, "[U]nder certain circumstances leaving the keys in the ignition of a vehicle in a

locked garage may be negligence, depending upon all of the surrounding facts and circumstances." *See id.* at 698.[6]

Even if I were to agree with the general proposition that an owner of an unattended vehicle left with keys in the ignition could be held liable,[7] those facts are not alleged in this case. The facts here are quite clear. Sunstate leased the scissor lift to Johnson Equipment who had possessory control over the scissor lift at all times, including at the time of the incident. Merely owning a chattel and leasing it to a third party does not create any form of liability as to Sunstate, although the

---

[6] As noted in the text above, this case and the others the majority relies on all involved factual differences critical to the result in those cases and absent here. *See Hunsucker*, 659 S.W.2d at 694; *see also Amaya v. Potter*, 94 S.W.3d 856, 865 (Tex. App.—Eastland 2002, pet. denied) (defendant used car dealer left several vehicles unattended with key in ignition in location with history of car thefts); *Sanders v. Tomball Ford, Inc.*, No. 14-96-00470-CV, 1997 WL 539651, at *1–3 (Tex. App.—Houston [14th Dist.] Sept. 4, 1997, no pet.) (not designated for publication) (affirming summary judgment in favor of defendant car dealer where sales associate left keys in unattended vehicle and manager was aware customer who looked "pretty crazy" was present); *Stephens v. Crowder Invs., Inc.*, 841 S.W.2d 947, 949 (Tex. App.—Waco 1992, no writ) (reversing summary judgment in favor of funeral home that left keys in unattended vehicle because record contained no evidence whether there were similar thefts or criminal acts in area); *Finnigan v. Blanco Cty.*, 670 S.W.2d 313, 314–16 (Tex. App.—Austin 1984, no writ) (reversing summary judgment in favor of county where deputy parked car open and with engine running next to jail yard where prisoner was exercising); *Bicknell v. Lloyd*, 635 S.W.2d 150, 152 (Tex. App.—Houston [14th Dist.] 1982, no writ) (concluding unattended vehicle's theft foreseeable where "the evidence is undisputed that the red cart was a continuing temptation to young children, and that two unsupervised children were, in fact, driving the vehicle when it backed into the plaintiff's son"). Indeed, all these cases include of evidence of foreseeability as

Moreover, even if one assumes these opinions survived the later supreme court decisions in *Graham Central Station, Inc. v. Pena*, 442 S.W.3d 261, 263 (Tex. 2014), and *Timberwalk Apartments, Partners, Inc. v. Cain*, 972 S.W.2d 749, 756 (Tex. 1998) (citing RESTATEMENT (SECOND) OF TORTS § 315 (1965)), they have little relevance here as the duty they would recognize is directed to the injured third party and not the party misappropriating the property and injuring himself in the process.

[7] Indeed, one court in an opinion cited by the majority observed, "Texas Courts of Appeal have generally held that the failure of an owner to remove the ignition key from his vehicle is not the proximate cause of damages resulting from a theft of the vehicle because such a theft and damages are not reasonably foreseeable as a matter of law." *See Sanders*, 1997 WL 539651, at *2. Moreover, foreseeability of the risk of harm is the "'foremost and dominant consideration' in the duty analysis" because "there is neither a legal nor moral obligation to guard against that which cannot be foreseen[.]" *See Elephant Ins. Co., LLC v. Kenyon*, 644 S.W.3d 137, 149 (Tex. 2022) (quoting *Bos v. Smith*, 556 S.W.3d 293, 303 (Tex. 2018)).

–10–

alleged facts could potentially allege liability as to Johnson Equipment.[8] *See Humble Oil & Refining Co. v. Martin*, 222 S.W.2d 995, 1000 (Tex. 1949) (holding operator of filling station owes to public duty of ordinary care to prevent cars left with it from rolling away and injuring persons or property).[9]

## CONCLUSION

I disagree with the majority's application of rule 91a and would instead conclude Lopez's pleading demonstrated the lack of a legally actionable claim for negligence against Sunstate. Accordingly, I dissent.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

210100DF.P05

---

[8] Likewise, Sunstate's leaving the scissor lift with Johnson Equipment after the scheduled pick-up may well begin a clock on a property claim on behalf of Frito Lay or Johnson Equipment. But, I am at a loss to understand how this would create a duty in tort to third parties who misappropriate and misuse the property, which would not have existed before—at least not without first recognizing a claim for attractive nuisance of adults.

[9] A claim against Sunstate for Johnson's negligence would sound in negligent entrustment, which Lopez did not allege here. *See 4Front Engineered Sols., Inc. v. Rosales*, 505 S.W.3d 905, 909 (Tex. 2016) (elements of negligent entrustment: owner entrusts chattel to third party; third party was an unlicensed, incompetent or reckless operator; at time of entrustment, owner knew or should have known of said incompetence or recklessness; operator was negligent on occasion in question; and operator's negligence proximately caused accident).