Gerald MORRIS, Appellant,

v.

Floyd MORRIS and Sue Morris, Appellees.

No. 12–03–00085–CV.

Court of Appeals of Texas, Tyler.

Dec. 3, 2003.

Rehearing Overruled Dec. 23, 2003.

Mark W. Cargill, Palestine, for Appellant.

James C. Boone Jr., Palestine, for Appellee.

Panel consisted of WORTHEN, C.J., GRIFFITH, J., and DeVASTO, J.

## MEMORANDUM OPINION

DIANE DeVASTO, Justice.

Gerald Morris ("Appellant") appeals the trial court's order granting a new trial and dismissing his appeal for want of jurisdiction. Appellant raises two issues on appeal. We vacate the trial court's order.

### BACKGROUND

Appellant filed a forcible entry and detainer action against Floyd Morris and Sue Morris ("Appellees") in the justice court of Anderson County, Precinct 2. Appellees answered, alleging that Appellant was not the owner of the property in question, but rather that Appellees and their predecessors in title had claimed ownership of the property in question for over fifty years.[1] The justice court held a hearing on the matter, after which it dismissed Appellant's case for want of jurisdiction.

Appellant appealed the matter to the county court at law. The court found in favor of Appellant and signed a final judgment on December 19, 2002. Appellees filed a motion for new trial on December 23, 2002. The trial court overruled Appellees' motion for new trial by order signed on December 31, 2002.[2] On January 2, 2003, Appellees filed a motion for hearing and new trial. Appellant objected to the timeliness of the filing of the motion, but the trial court overruled Appellant's objection. On February 18, 2003, the trial court signed an order granting Appellees' motion for new trial and, on its own motion, dismissed the case for want of jurisdiction. This appeal followed.

### TIMELINESS OF MOTION FOR NEW TRIAL AND PLENARY POWER

In his first issue, Appellant argues that the trial court erred by not dismissing Appellees' second motion for new trial as untimely filed. The last day a party may file an amended or supplemental motion for new trial is thirty days from the date the judgment is signed. See Bell v. Showa Denko K.K., 899 S.W.2d 749, 757 (Tex.App.-Amarillo 1995, writ denied). With leave of court, a party may amend a motion for new trial within thirty days after the judgment is signed, even if the trial court has already overruled an earlier motion for new trial. See TEX.R. CIV. P. 329b(b); see also Cecil v. Smith, 804 S.W.2d 509, 511 (Tex.1991). Here, since Appellees' second motion for new trial was filed within thirty days from the date the judgment was signed, the trial court could consider it. Appellant's first issue is overruled.

However, even had the second motion for new trial not been filed timely, our review of the record indicates that Appellees' first motion for new trial was timely. If a motion for new trial is timely filed by any party, the trial court has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment until thirty days after all such timely-filed motions are overruled. See TEX.R. CIV. P. 329b(e). Indeed, even though the trial court cannot extend time to file the motion for new trial, it may grant a new trial on the grounds stated in a late motion filed before the court loses

---

1. Incidentally, the property in question was the subject of a trespass to try title suit involving the same parties as the instant matter. When the trial court signed an order granting a temporary injunction, the matter was appealed to this court. We reversed and remanded the matter to the trial court. See

*Morris v. Morris*, No. 12–86–0036–CV (Tex. App.-Tyler March 16, 1987) (not designated for publication).

2. On January 1, 2003, a new judge began presiding over the county court at law for Anderson County.

plenary power. *See Moritz v. Preiss,* 121 S.W.3d 715, 719–20, 46 Tex. Sup.Ct. J. 784, 2003 Tex. LEXIS 77, *11 (Tex. 2003). Thus, irrespective of whether Appellees' second motion for new trial was timely filed, the trial court still retained plenary power to grant a new trial for only thirty days after it overruled Appellees' first motion for new trial. *See id.;* Tex.R. Civ. P. 329b(e). In this case, the trial court's plenary power ended January 30, 2003. Therefore, the trial court acted outside of its plenary power when it granted the second motion for new trial on February 18, 2003. Consequently, we hold that the trial court's order of February 18, 2003 is void. *See State ex. rel Latty v. Owens,* 907 S.W.2d 484, 486 (Tex.1995); *see also Mapco, Inc. v. Forrest,* 795 S.W.2d 700, 703 (Tex.1990); *In the Interest of T.G.,* 68 S.W.3d 171, 177 (Tex.App.-Houston [1st Dist.] 2002, pet. denied).

### CONCLUSION

Since the trial court's order dated February 18, 2003 is void, the appeal of that order is moot. As such, we need not address Appellant's second issue. Therefore, we *vacate* the trial court's order dated February 18, 2003 and *dismiss* the appeal.