In re BROOKSHIRE GROCERY
COMPANY, Relator.

No. 05–0300.

Supreme Court of Texas.

Argued March 23, 2006.

Delivered Jan. 4, 2008.

Rehearing Denied March 28, 2008.

Charles H. Clark, Clark Lea Rutter & Logsdon, Deborah J. Race, Ireland Carroll & Kelley, P.C., Tyler, John W. Alexander, Alexander & Boswell, Winnsboro, for Brookshire Grocery Company.

Jeffrey R. Ward, George Alan Boll, Juneau, Boll & Ward, P.L.L.C., Addison, and Michael Jung, Strasburger & Price, L.L.P., Dallas, for Barbara Goss.

WALLACE B. JEFFERSON, Chief Justice.

In this mandamus action, we determine whether a motion for new trial filed within thirty days of judgment, but after a preceding motion for new trial has been overruled, extends the trial court's plenary power under Texas Rule of Civil Procedure 329b. Because we hold that it does not, we deny relator Brookshire Grocery Company's petition for writ of mandamus.

## I

## Background

In the underlying tort action, the jury returned a verdict for Barbara Goss in her action against Brookshire. On December 3, 2004, after the verdict but before the trial court signed the judgment, Brookshire filed a "Motion for Judgment Notwithstanding the Verdict and in the Alternative Motion for New Trial." In these motions, Brookshire argued that there was no evidence to support the verdict and urged the court to render judgment in its favor; alternatively, Brookshire sought a new trial based on an alleged error in the court's charge. On December 9, 2004, the court heard the motions and signed a judgment conforming to the jury verdict. The next day, December 10, 2004, the court signed an order denying not only Brookshire's motion for judgment notwithstanding the verdict, but also its alternative motion for new trial.[1] Specifically, the order stated that "[h]aving considered the pleadings and the evidence presented, and having heard and considered the arguments of counsel, the Court finds that said *Motions* are DENIED." (Emphasis added.)

On January 7, 2005, twenty-nine days after judgment, Brookshire filed a second motion for new trial, which again argued, in considerably more detail, that there was insufficient evidence to support the judgment and that the court's charge was erro-

neous. Goss countered that the December 10, 2004 order "terminated the period for filing amended or supplemental motions for new trial under Tex.R. Civ. P. 329b(b), and triggered the final thirty days of the Court's plenary power under Tex.R. Civ. P. 329b(e)." After a January 25 hearing, the trial court granted Brookshire's motion for new trial in an order signed on February 1.

Goss sought mandamus relief from the court of appeals, arguing that the trial court lacked jurisdiction on February 1 to grant the second motion for new trial, because its plenary power expired on January 10, thirty days after the court overruled the first motion for new trial.[2] The court of appeals agreed and ordered the trial court to vacate the February 1 order; the trial court has complied. 160 S.W.3d 288, 292. Brookshire now seeks a writ of mandamus directing the trial court to reinstate the order granting new trial.

## II

## Standard of Review

■■■ Mandamus relief is appropriate when a trial court issues an order after its plenary power has expired. *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex.2000). When the mandamus proceeding arises out of the interpretation of legal rules, we give limited deference to the lower courts' anal-

---

1. The court's denial of the first motion for new trial seems inconsistent with statements made at the December 9 hearing. At that time, the court stated that, "it seems like realistically what's before the Court right now is whether or not the Court should enter judgment on the, on the [sic] verdict or a judgment notwithstanding the verdict." Additionally, when Brookshire stated that it planned to file a more comprehensive motion for new trial, the court replied, "I will go ahead then ... and enter the judgment ...

and go ahead and proceed on then with the ... motion for new trial."

2. January 10, 2005 is actually the thirty-first day after the December 10, 2004 order; because the thirtieth day (January 9, 2005) was a Sunday, however, the first day after the thirtieth day that was not a Saturday, Sunday, or legal holiday became the last day of the trial court's plenary power. *See* TEX.R. CIV. P. 4 (governing computation of time under the rules).

ysis. *See Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992).

## III

### Discussion

Texas Rule of Civil Procedure 329b governs the filing of motions for new trial (as well as motions to modify, correct, or reform the judgment) and outlines their effect on the trial court's plenary power. The rule provides, in relevant part:

> (a) *A* motion for new trial, if filed, shall be filed prior to or within thirty days after the judgment or other order complained of is signed.

> (b) *One or more amended motions* for new trial may be filed *without leave of court* before any preceding motion for new trial filed by the movant is overruled *and* within thirty days after the judgment or other order complained of is signed.

> . . .

> (e) If a motion for new trial is timely filed by any party, the trial court, regardless of whether an appeal has been perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment until thirty days after *all such timely-filed motions* are overruled, either by a written and signed order or by operation of law, whichever occurs first.

TEX.R. CIV. P. 329b (emphasis added).

We must decide whether a motion for new trial filed within thirty days of judgment, but after a prior motion for new trial has been overruled, is "timely" for purposes of extending plenary power under Rule 329b(e). If Brookshire's second motion for new trial was indeed "timely filed," the trial court's plenary power extended until thirty days after that motion was overruled either by signed order or by operation of law. *See* TEX.R. CIV. P. 329b(e). Under this scenario, the trial court would have had plenary power when it granted the second motion for new trial on February 1, 2005. If, however, the only "timely filed" motion—as governed by Rule 329b(e)—was Brookshire's first motion for new trial,[3] the trial court's plenary power expired January 10, 2005, thirty days after the court overruled that motion. Consequently, the trial court would have lacked jurisdiction on February 1 to grant the second motion for new trial.

■■■ We conclude the latter interpretation is correct. Subsection (b) of Rule 329b provides that an amended motion may be filed without leave of court when: (1) no preceding motion for new trial has been overruled *and* (2) it is filed within thirty days of judgment. TEX.R. CIV. P. 329b(b). "And" is conjunctive: an amended new-trial motion is timely filed only *before* the court overrules a prior one. *See Bd. of Ins. Comm'rs v. Guardian Life Ins. Co. of Tex.*, 142 Tex. 630, 180 S.W.2d 906, 908 (1944) ("Ordinarily the words 'and' and 'or,' are in no sense interchangeable terms, but, on the contrary, are used in the structure of language for purposes entirely variant, the former being strictly of a conjunctive, the latter, of a disjunctive, nature." (citation omitted)). An amended motion filed afterwards: (1) need not be considered by the trial court and (2) does not extend the trial court's plenary power. A contrary interpretation would effectively substitute the word "or" for "and," so that a litigant's motion for new trial, filed after a preceding motion has been overruled, would extend the trial court's plenary pow-

---

**3.** Brookshire filed its first motion for new trial before the trial court signed the judgment; thus, the motion was deemed filed on the date of, but subsequent to the time of, the signing of the judgment. TEX.R. CIV. P. 306c.

er. But "ordinarily the words 'and' and 'or' are not interchangeable," *Bayou Pipeline Corp. v. R.R. Comm'n*, 568 S.W.2d 122, 125 (Tex.1978), and they should not be here.

■ Brookshire asks us to hold that an amended motion for new trial can be timely filed after a preceding motion has been overruled, as long as it is filed with leave of court and within thirty days of judgment.[4] The relator cites a court of appeals opinion that offers some support for this proposition. *See Morris v. Morris*, 250 S.W.3d 119, 120, 2003 WL 22872095, at *1, 2003 Tex.App. LEXIS 10239, at *3 (Tex. App.-Tyler December 3, 2003, no pet.). The *Morris* court, however, held that while a trial court may grant a new trial based on the grounds stated in a motion for new trial that is filed after a preceding motion has been overruled, but within thirty days of judgment, it must do so within the trial court's plenary power *as measured from the date the court overruled the first motion for new trial*. 250 S.W.3d at 120, at *1. 2003 Tex.App. LEXIS 10239, at *4 (citing *Moritz v. Preiss*, 121 S.W.3d 715 (Tex.2003)). The *Morris* court held that the trial court lost plenary power thirty days after overruling the *first* motion for new trial. *Id.* (citing Tex.R. Civ. P. 329b(e)). Because the trial court did not grant the second motion for new trial until after that thirty-day period expired—as is the case here—the order granting the motion was void. *Id.* We agree with *Morris* to the extent it holds that a motion for new trial filed after a preceding motion has been overruled cannot operate to extend the trial court's plenary power under Rule 329b(e).[5]

Rule 329b's history supports our conclusion that a motion for new trial filed after a preceding motion has been overruled is not "timely" for purposes of extending the trial court's plenary power. Rule 329b was substantially revised and amended in 1981.[6] Before then, a party had to file a motion for new trial within ten days of judgment and could file one amended motion, provided it was: (1) filed within twenty days after filing the original motion *and* (2) the original motion had not been "acted upon." *See* Tex.R. Civ. P. 329b(2) (1978, amended 1981). While these two restrictions had always been a part of the rule, prior to a 1967 amendment, the rule also mandated that the amended motion could be filed only by leave of court. *See* Tex.R. Civ. P. 329b(2) (1961, amended 1967).

**4.** Brookshire argues that statements made by the trial court at the hearing on the motion for judgment notwithstanding the verdict and alternative motion for new trial, as well as the trial court's later action on the second motion for new trial, demonstrate that the court granted Brookshire leave to file. We do not decide whether leave can be implied from the record before us, because we hold that, for purposes of extending the trial court's plenary power, leave of court has no effect on the timeliness of a motion for new trial filed after a preceding motion has been overruled.

**5.** Both parties cite to *In re Dickason*, in which we held that an amended motion for new trial does not extend the trial court's plenary power. 987 S.W.2d 570, 571 (Tex.1998). That case is inapposite, however, because the com-

plaining party in *Dickason* filed all original and amended motions for new trial within thirty days of judgment and *before* any preceding motion for new trial had been overruled. *Id.* Thus, *Dickason* did not implicate the motions' timeliness, and it is not necessary to discuss the merits of that case nor apply its lessons here. Additionally, while we agree with the court of appeals' holding that the trial court lacked plenary power to grant the February 1, 2005 motion, we disapprove its application of *Dickason* to this case. *See* 160 S.W.3d 288, 291–92.

**6.** *See Order of Supreme Court of Texas, Adopting Amendments to Rules of Civil Procedure*, 599–600 S.W.2d (Texas Cases) XXXIII, L–LI (June 10, 1980, eff. Jan. 1, 1981).

Thus, before 1967, a party could not file an amended motion after the original had been acted upon, *even if* leave of court was obtained. *See, e.g., Dallas Storage & Warehouse Co. v. Taylor*, 124 Tex. 315, 77 S.W.2d 1031, 1034 (1934) (discussing the predecessor to Rule 329b and holding that a motion for new trial could be amended "only before it is acted upon").

In 1967, we amended Rule 329b to conform to our holding in *Consolidated Furniture Company v. Kelly* that a motion for new trial could be freely amended "without" leave of the court, provided it was filed within the time period mandated under Rule 329b. *See Kelly*, 366 S.W.2d 922, 923 (Tex.1963) (holding that "[i]t is the right of a party to amend, subject only to the qualification that the amendment be proper and *in proper time*. The leave of the court is a matter of course.") (citation omitted) (emphasis added); *see also Amendments to the Rules of Civil Procedure Presented to the Supreme Court Advisory Committee on July 10, 1965*, at 42 (on file with the Supreme Court of Texas) (noting that the Rule 329b revision was in response to *Kelly*). Thus, while the amended rule allowed a party to freely amend its new trial motion, it continued to require that amended motions "*shall* be filed before the original motion is acted upon." Tex.R. Civ. P. 329b(2) (1978) (emphasis added). Accordingly, throughout the history of Rule 329b, timely amended motions for new trial have always been limited to those filed before the trial court overruled a preceding motion, regardless of whether leave of court was required. *See, e.g., Risher v. Risher*, 547 S.W.2d 292, 293 (Tex.Civ.App.-Dallas 1977, writ dism'd w.o.j.) (amended motion filed within the allowed time period, but after the original motion had been overruled, was "not timely").[7]

■ Following this pattern, the 1981 rule amendments revised subsection (b) to allow for both original and amended motions to be freely filed within thirty days of judgment, but the rule once again retained the restriction that all such motions must be filed prior to the court overruling a preceding motion for new trial. *See Agenda for the May 4–5, 1979 Meeting of the Advisory Committee for the Supreme Court of Texas*, at 43 (on file with the Supreme Court of Texas) (commenting on the amended version of Rule 329b that "[w]ithin thirty days, the number of amended motions for new trial may be filed [sic] is not limited, but the overruling of one motion precludes filing another"). Therefore, an amended motion for new trial filed after the court has ruled on a prior motion is not "timely" for purposes of extending the trial court's plenary power under Rule 329b(e), *even if* leave of court is obtained and it is filed within thirty days of judgment.[8]

7. *Risher* was authored by former Chief Justice Guittard of the Dallas Court of Appeals, who, as chair of a joint committee of the Texas Judicial Council and the State Bar of Texas Committee of the Administration of Justice, spearheaded the revision of Rule 329b and was a member of the Supreme Court Advisory Committee when the rule was redrafted in 1979. *See Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 316 (Tex.2000) (Hecht, J., concurring).

8. As the rule is drafted, a party has the right, within thirty days of judgment, to revise its motion before the court rules; afterwards, the trial court retains discretion either to consider a late motion or not, but may act only during its period of plenary power. Once that power expires, as it did here, the court may neither grant nor deny the motion. The rule *simply codifies* Kelly's *sensible proposition that a party should have the ability to amend its motion for new trial up until the time the court rules (provided the amended motion is filed within thirty days of judgment), see Kelly*, 366 S.W.2d at 923; after the court rules, however, a late motion is subject

Our holding today does not preclude a party whose motion for new trial has been overruled from continuing to seek a new trial while the trial court is still empowered to act. Pursuant to Rule 329b(e), the trial court retains plenary power for thirty days after overruling a motion for new trial; thus, the losing party may ask the trial court to reconsider its order denying a new trial—or the court may grant a new trial on its own initiative—so long as the court issues an order granting new trial within its period of plenary power. *See Moritz v. Preiss,* 121 S.W.3d 715, 720 (Tex.2003) (noting that a trial court can always "grant a new trial, or vacate, modify, correct or reform the judgment" during this time); *see also* Tex.R. Civ. P. 5 (trial court may not enlarge period for granting new trials except as stated in the rules).

Additionally, under Rule 329b, a trial court's plenary power to grant a new trial expires thirty days after it overrules a motion for new trial, only provided no other *type* of 329b motion (such as a motion to modify, correct, or reform the judgment) is "timely filed." *See* Tex.R. Civ. P. 329b(e), (g). Thus, a party whose motion for new trial is overruled within thirty days of judgment may still file a motion to modify, correct, or reform the judgment—provided it is filed within thirty days of judgment—and thereby extend the trial court's plenary power. *See* Tex.R. Civ. P. 329b(g) (deadlines for filing and ruling on a motion to modify, correct, or reform the judgment are the same as those prescribed for a motion for new trial); *see also L.M. Healthcare, Inc. v. Childs,* 929 S.W.2d 442, 444 (Tex.1996) (holding that "a timely filed motion to modify judgment extends the trial court's

both to the court's *discretion* to consider the filing and the court's *power* to decide the

plenary power, separate and apart from a motion for new trial"). It is this scenario—and not one involving successive rulings on multiple motions for new trial—that is referenced in Rule 329b(e), which provides that plenary power expires thirty days after "*all* such timely-filed motions are overruled." Tex.R. Civ. P. 329b(e) (emphasis added); *see also id.* 329b(g) (providing that "[t]he overruling of [a motion to modify, correct, or reform the judgment] shall not preclude the filing of a motion for new trial, nor shall the overruling of a motion for new trial preclude the filing of a motion to modify, correct, or reform").

In this case, because the only 329b motion Brookshire filed was a motion for new trial, the trial court's plenary power expired January 10, 2005, thirty days after it overruled the first motion. Brookshire's second motion for new trial was filed within that thirty-day period, and the trial court could have thus considered the grounds raised in it and granted a new trial on that basis or on its own motion; however, the court could only act while it had plenary power. *See Moritz,* 121 S.W.3d at 720. The February 1, 2005 order granting a new trial was signed after the court's plenary power period expired, and, therefore, that order was void.

The dissent contends that Brookshire's second motion for new trial should be treated as a motion to modify the judgment. 250 S.W.3d at 77. We agree that the "nature of a motion is determined by its substance, not its caption." *Id.* at 77. We disagree, however, that "[i]n substance, Brookshire's second motion asked for a modification in the judgment—to order that the plaintiff take nothing."

motion.

*Id.* The motion at issue was titled "Motion for New Trial" and the only relief requested was that the trial court "grant a new trial." The caption was perfectly consistent with the motion's substance. Moreover, equating a motion for new trial with a motion to modify the judgment mischaracterizes the fundamental nature of a new trial motion, which seeks not to reform, but to *vacate* the court's judgment.

There are other problems with conflating a motion for new trial and a motion to modify, correct, or reform the judgment. First, our rules treat the two motions differently. Rule 324 requires a party to move for a new trial in order to preserve certain points of error (such as a complaint of factual insufficiency of the evidence); a motion to modify, correct, or reform does not preserve such error. TEX.R. CIV. P. 324(b). Rule 329b also treats motions for new trial and motions to modify, correct or reform as distinct procedural vehicles. *See* TEX.R. CIV. P. 329b(g) (providing that "[t]he overruling of [a motion to modify, correct, or reform the judgment] shall not preclude the filing of a motion for new trial, nor shall the overruling of a motion for new trial preclude the filing of a motion to modify, correct, or reform.").

Furthermore, Rule 5 provides that a trial court "may not enlarge the period for taking any action under the rules relating to new trial except as stated in these rules." TEX.R. CIV. P. 5. The rules place no such limitation on motions relating to modifying, correcting, or reforming the judgment; treating such a motion as a motion for new trial—thereby extending the trial court's otherwise expired plenary power—would permit an end run around Rule 5's prohibition. *Id.; see also A.F. Jones & Sons v. Republic Supply Co.*, 151 Tex. 90, 246 S.W.2d 853, 855 (1952) (holding that

while the TC has "inherent power" to "alter, modify or set aside its judgments," it cannot "extend the time for filing a motion for new trial as [it] is specifically prohibited by Rule 5").

## IV

### Conclusion

In response to the court of appeals' conditional grant of mandamus, the trial court properly vacated its February 1, 2005 order granting new trial. We deny Brookshire's petition for writ of mandamus. TEX.R.APP. P. 52.8(d).

Chief Justice JEFFERSON delivered the opinion of the Court, in which Justice O'NEILL, Justice MEDINA, Justice JOHNSON, and Justice WILLETT joined.

Justice HECHT delivered a dissenting opinion, in which Justice WAINWRIGHT, Justice BRISTER, and Justice GREEN joined.

Justice HECHT, joined by Justice WAINWRIGHT, Justice BRISTER, and Justice GREEN, dissenting.

Procedural rules exist to subserve the presentation and resolution of cases on their merits. As Rule 1 of the Texas Rules of Civil Procedure states, "[t]he proper objective of rules of civil procedure is to obtain a just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law." The rules are written to achieve this purpose and must be construed accordingly.

This court has labored long and hard to remove as many procedural traps from our rules as possible. Litigants are entitled to have their disputes resolved on the merits, not on unnecessary and arcane points that can sneak up on even the most diligent of attorneys.[1]

---

**1.** *Donwerth v. Preston II Chrysler–Dodge, Inc.*, 775 S.W.2d 634, 643 (Tex.1989) (Ray, J.,

Tricky procedural rules threaten substantive rights.[2] Take this case in point. Rule 329b of the Texas Rules of Civil Procedure gives a trial court thirty days after a judgment is signed to change it or grant a new trial,[3] but that period is extended if, within the thirty days, a motion assailing the judgment is filed.[4] The rule specifically mentions motions for new trial or to modify, correct, or reform the judgment but would include anything else that has the same effect.[5] The rule contemplates that a litigant may file multiple motions within the thirty-day, post-judgment period. The overruling of a motion for new trial does not preclude another motion assailing the judgment, and vice versa.[6] Nothing in Rule 329b suggests that the overruling of a motion to modify, correct, or reform the judgment precludes a liti-gant from filing another such motion later within the same thirty-day period. With respect to motions for new trial, paragraph (b) states:

One or more amended motions for new trial may be filed without leave of court before any preceding motion for new trial filed by the movant is overruled and within thirty days after the judgment or other order complained of is signed.

This paragraph does not say that a second motion cannot be filed after the first one is overruled; on the contrary, it implies, at least, that an amended motion *can* be filed after a preceding motion is overruled, as long as the amended motion is filed within thirty days after the judgment is signed and with leave of court.

joined by Mauzy and Hecht, JJ., concurring).

**2.** *See Lane Bank Equip. Co. v. Smith So. Equip., Inc.*, 10 S.W.3d 308, 314 (Tex.2000) (Hecht, J., concurring) ("Appellate procedure should not be tricky."); *Airco, Inc. v. Tijerina*, 603 S.W.2d 785, 786 (Tex.1980) (per curiam) (" 'Appellate review of trial court judgments disposing of the substantive rights of litigants is a valuable right and should not be denied when under a liberal interpretation of the Rules it is possible to give it.' ") (quoting *Bay v. Mecom*, 393 S.W.2d 819, 820 (Tex.1965)).

**3.** Tex.R. Civ. P. 329b(d) ("The trial court, regardless of whether an appeal has been perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment within thirty days after the judgment is signed.").

**4.** Tex.R. Civ. P. 329b(e) ("If a motion for new trial is timely filed by any party, the trial court, regardless of whether an appeal has been perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment until thirty days after all such timely-filed motions are overruled, either by a written and signed order or by operation of law, whichever occurs first."); Tex.R. Civ. P. 329b(g) ("A motion to modify, correct, or reform a judgment (as distin-guished from motion to correct the record of a judgment under Rule 316), if filed, shall be filed and determined within the the the time prescribed by this rule for a motion for new trial and shall extend the trial court's plenary power and the time for perfecting an appeal in the same manner as a motion for new trial.").

**5.** *See Gomez v. Tex. Dep't of Crim. Justice*, 896 S.W.2d 176, 176–177 (Tex.1995) (per curiam) (treating an instrument filed as a "bill of review" as assailing the judgment and thus extending the time for perfecting appeal and the trial court's plenary jurisdiction to alter its judgment); *see also Kirschberg v. Lowe*, 974 S.W.2d 844, 847–848 (Tex.App.-San Antonio 1998, no pet.) (treating a motion for judgment non obstante veredicto as assailing the judgment and concluding that "the filing of any postjudgment motion or other instrument that (1) is filed within the time for filing a motion for a new trial and (2) 'assail[s] the trial court's judgment' extends the appellate timetable.").

**6.** Tex.R. Civ. P. 329b(g) ("The overruling of [a motion to modify, correct, or reform a judgment] shall not preclude the filing of a motion for new trial, nor shall the overruling of a motion for new trial preclude the filing of a motion to modify, correct, or reform.").

Rule 329b is thus susceptible to being construed to provide that any motion assailing a judgment that is allowed to be filed within thirty days of the judgment extends the thirty-day period, regardless of whether any other motion has been filed or overruled. Nevertheless, the Court construes paragraph (b) to create an exception for one kind of post-trial motion: an amended motion for new trial filed after a first motion for new trial has been overruled. In the Court's view, overruling a motion for new trial does not preclude any other motion assailing the judgment except a second motion for new trial. The Court's construction is certainly not required by the text of the rule and conflicts with the rule's implication that an amended motion for new trial can be filed with leave of court. The Court does not suggest that its exception in any way benefits post-judgment procedure, and it is hard to imagine how it could. This one *obscure* exception—not clearly required by the text and without practical justification or benefit—creates a trap for the unwary that can result in a significant loss of rights. A trial court's grant of a new trial is voided. Moreover, a party might fail to timely perfect an appeal if he failed to notice this exception to the rule and thought that when the trial court granted his amended motion for new trial it still had power to do so. Even if a party timely perfected appeal, as Brookshire Grocery did in this case,[7] it could not complain of error assert-ed in the subsequent motion because an untimely amended motion for new trial does not preserve a complaint for appeal.[8] Thus, in the appeal in this case, the court of appeals held that factual insufficiency complaints, which must be raised in a motion for new trial,[9] were not preserved by the second motion for new trial.[10] A second motion for new trial, filed within thirty days of the judgment and with leave of court but after a first motion has been overruled, cannot preserve a complaint on appeal, even if the complaint did not arise before the first motion was overruled. To reduce the risk that issues for appeal will unavoidably be lost, a party must wait as long as possible to move for a new trial. The Court's construction of Rule 329b simply does not assure the just and fair adjudication of issues on appeal as mandated by Rule 1.

The Court justifies its reading of Rule 329b by recounting the history of the procedure governing motions for new trial, but the Court does not give sufficient importance to a significant change in the procedural theory reflected in the 1981 amendments. After those amendments, allowing but one motion for new trial no longer made sense.

Before the 1981 amendments to the Rules of Civil Procedure, only a timely-filed motion for new trial could extend a trial court's plenary power over its judgment.[11] A motion for judgment non ob-

---

7. *See Brookshire Grocery Co. v. Goss,* 208 S.W.3d 706 (Tex.App.-Texarkana 2006).

8. *See Moritz v. Preiss,* 121 S.W.3d 715, 720–721 (Tex.2003) (holding that an amended motion for new trial filed before the first motion was overruled but more than thirty days after judgment was signed does not preserve complaints for appeal).

9. Tex.R. Civ. P. 324(b)(2).

10. *Brookshire Grocery,* 208 S.W.3d at 713–714.

11. Tex.R. Civ. P. 330(j)-(*l*) (1941), adopted by Order of the Supreme Court of Texas, Adopting Rules of Civil Procedure, 136 Tex. 442, 544 (Oct. 29, 1940, eff. Sept. 1, 1941), repealed and recodified as Tex.R. Civ. P. 329b (1955) by Order of the Supreme Court of Texas, Adopting Amendments, printed in 17 Tex. Bar. J. 566, 569–570 (July 20, 1954, eff. Jan. 1, 1955), as amended by Order of the

stante veredicto did not have that effect,[12] and the rules did not expressly provide for motions to modify, correct, or reform a judgment,[13] though a trial court had the power to take such actions while its plenary power lasted.[14] Furthermore, Rule 329b placed strict limits on motions for new trial as follows:

> 1. A motion for new trial when required shall be filed within ten (10) days after the judgment or other order complained of is rendered.

> 2. An original motion for new trial filed within said ten (10) day period may be amended without leave of court. Said amended motion shall be filed before the original motion is acted upon and within twenty (20) days after the original motion for new trial is filed. Not more than one amended motion for new trial may be filed.[15]

The 1981 amendments overhauled the rule. They recognized for the first time the trial court's authority to alter a judgment other than by granting a new trial and specifically permitted motions for such alterations. They extended the period for filing a motion for new trial or other motion to alter a judgment from ten to thirty days and pegged the beginning of the period at the signing, rather than rendition, of judgment. They removed the prohibition on more than one amended motion for new

trial and changed the deadline for amended motions to run from the signing of the judgment rather than the filing of the first motion for new trial. As for whether a party could file an amended motion for new trial after a prior motion had been overruled, the new rule was not perfectly clear. The old rule, stated in separate sentences in paragraph 2, required that an amended motion for new trial be filed before the original motion was overruled. The new rule combined and rewrote the two sentences to become what is now paragraph (b) of Rule 329b:

> One or more amended motions for new trial may be filed without leave of court before any preceding motion for new trial filed by the movant is overruled and within thirty days after the judgment or other order complained of is signed.

Repositioning the phrase "without leave of court" allows a reasonable inference that a litigant may file an amended motion for new trial after a preceding motion for new trial has been overruled, so long as the court grants leave and the motion is otherwise timely.

As the Court explains, Rule 329b originally provided that a motion for new trial could be amended only "by leave of court", and that in 1967, after we had held the

---

Supreme Court of Texas, Adopting Amendments, printed in 23 TEX. BAR. J. 619, 681–682 (July 26, 1960, eff. Jan. 1, 1961), as amended by Order of the Supreme Court of Texas, Adopting Amendments, 401–402 S.W.2d xxi, xxxiii-xxxv (July 20, 1966, eff. Jan. 1, 1967), as amended by Order of the Supreme Court of Texas, Adopting Amendments, 483–484 S.W.2d xxi, xli-xliii (Oct. 3, 1972, eff. Feb. 1, 1973).

**12.** *Walker v. S & T Truck Lines, Inc.,* 409 S.W.2d 942, 944–945 (Tex.Civ.App.-Corpus Christi 1966, writ ref'd).

**13.** *Lane Bank,* 10 S.W.3d at 316 (Hecht, J., concurring) ("Before 1981, no rules pre-

scribed procedures for modifying, correcting, or reforming judgments.") (citing Thomas M. Reavley & David L. Orr, *Trial Court's Power to Amend Its Judgments,* 25 BAYLOR L.REV. 191, 206 (1973) ("The procedure governing the exercise of a trial court's plenary power before the judgment becomes final is not well-established.")).

**14.** *Transamerican Leasing Co. v. Three Bears, Inc.,* 567 S.W.2d 799, 800 (Tex.1978) (per curiam).

**15.** TEX.R. CIV. P. 329b (1978).

requirement to be pro forma,[16] we changed "by" to "without".[17] "Accordingly," the Court concludes, "throughout the history of Rule 329b, timely amended motions for new trial have always been limited to those filed before the trial court overruled a preceding motion, regardless of whether leave of court was required." [18] But the 1981 amendments did not merely tweak the rule; they were a complete makeover. We should not presume that the historical insignificance of obtaining leave of court to file an amended motion survived these amendments.

Although at one time, post-judgment procedure permitted by Rule 329b was strictly limited, the 1981 amendments were an effort to restate the more lenient practice that had evolved despite the language of the rule. If motions other than a motion for new trial can extend the trial court's plenary jurisdiction as long as they assailed the judgment, and if multiple motions can be filed regardless of whether one had been overruled, then it makes no sense for an amended motion for new trial to be the one exception to this general practice.

The text of the amended rule does not require either my construction or the Court's. Given two reasonable constructions, Rule 1 requires the one less likely to create pitfalls for litigants.

Relator Brookshire Grocery moved for a new trial after verdict but before judg-

ment. At a hearing on the motion, Brookshire's counsel explained to the trial court that she had included one ground in the motion that she wanted the court to consider before rendering judgment on the verdict, but that if the court denied the motion on that ground, she would file a "comprehensive" post-judgment motion on other grounds. After argument, the court announced that it would deny the motion, render judgment on the verdict, and then "look more carefully at the other points" Brookshire's counsel had mentioned. That is exactly what it did. Brookshire filed a second motion for new trial 29 days after the judgment was signed (28 days after the first motion was denied), and the court granted it 25 days later. By considering the second motion, as well as by its statements at the hearing on the first motion, the court effectively granted leave to file.[19] I would hold that the overruling of Brookshire's first motion did not preclude the second and therefore, the court's order granting a new trial was not void.

Even if the Court's construction of Rule 329b were correct, the exception it finds in the rule for amended motions for new trial should not operate to void the trial court's order. The nature of a motion is determined by its substance, not its caption.[20] In substance, Brookshire's second motion asked for a modification in the judgment—to order that the plaintiff take nothing.[21] Rule 329b(g) expressly provides that the overruling of a motion for new trial does

---

**16.** *Consolidated Furniture Co. v. Kelly,* 366 S.W.2d 922, 923 (Tex.1963) ("The filing of an amended motion for new trial within the time provided by Rule 329b is a matter of right and it would be an abuse of discretion for the court to deny leave for its filing. . . . The leave of the court is a matter of course. The only object is to give notice of the amendment.").

**17.** *Ante* at 71.

**18.** *Ante* at 71.

**19.** *See Verburgt v. Dorner,* 959 S.W.2d 615, 617 (Tex.1997) (implied motion for extension of time).

**20.** *Surgitek, Bristol–Myers Corp. v. Abel,* 997 S.W.2d 598, 601 (Tex.1999); *State Bar v. Heard,* 603 S.W.2d 829, 833 (Tex.1980).

**21.** *Cf. Lane Bank,* 10 S.W.3d at 312 ("And a motion made after judgment to incorporate a sanction as a part of the final judgment does propose a change to that judgment. Such a motion is, on its face, a motion to modify,

not preclude the filing of a motion to modify a judgment; the court's plenary power extends "until thirty days after all such timely-filed motions [to modify] are overruled, either by a written and signed order or by operation of law, whichever occurs first";[22] and in any event the trial court granted Brookshire's second motion before 75 days after the trial court signed the judgment, at which point the motion would have been considered overruled by operation of law.[23] If this analysis stretches "modify" too far and turns the rule into a game of semantics, so does the Court's creation of an exception for one kind of motion assailing the judgment. To avoid meaningless technicalities, we have held that even an instrument called a "bill of review", filed within thirty days of the signing of a judgment, extends the trial court's plenary power.[24] If Brookshire's second motion would have been timely had it been misnamed a "bill of review", surely it should not be untimely because the caption was more descriptive. The validity of the trial court's order should not turn on the name Brookshire chose, or did not choose, to call its second motion.

I would conditionally grant mandamus, and therefore I respectfully dissent.

---

correct or reform the existing judgment within the meaning of Rule 329b(g).").

**22.** Tex.R. Civ. P. 329b(e); *see also L.M. Healthcare, Inc. v. Childs,* 929 S.W.2d 442, 444 (Tex.1996) (holding that the fact that the trial court had overruled a motion for new trial did not shorten the period in which the trial court had plenary power to modify a judgment subsequent to a motion to modify filed after the trial court had overruled the motion for new trial, but within thirty days after the trial court signed the judgment, and determining that the trial court possessed plenary power to modify the judgment when it did).

**23.** Tex.R. Civ. P. 329b(c).

**24.** *Gomez,* 896 S.W.2d at 177 (holding that an instrument labeled "bill of review" filed within thirty days of the judgment extended the appellate timetable because it "assailed the trial court's judgment") (quoting *Miller Brewing Co. v. Villarreal,* 822 S.W.2d 177, 179 (Tex.App.-San Antonio 1991), *rev'd on other grounds,* 829 S.W.2d 770 (Tex.1992)) (internal quotation marks omitted).