

# Fourth Court of Appeals
## San Antonio, Texas

March 27, 2014

No. 04-14-00087-CV

**CODY TEXAS, L.P.,**
Appellant

v.

**BPL EXPLORATION, LTD.,**
Appellee

From the 49th Judicial District Court, Zapata County, Texas
Trial Court No. 6,097
Honorable Jose A. Lopez, Judge Presiding

# S H O W   C A U S E   O R D E R

Cody Texas, L.P. filed a notice of appeal on January 2, 2014. The notice states Cody Texas is appealing the trial court's final judgment signed October 9, 2013. The clerk's record has been filed and it raises a question about this court's jurisdiction over the appeal.

The underlying suit was filed in 2005 and tried to the bench in February 2009. On May 31, 2013, the trial court signed a "Final Judgment" that recited it disposed "of all parties and all claims and is appealable." On the same day, Cody Texas filed a request for additional and amended findings of fact and conclusions of law and its objections to the proposed judgment. From the record before us, it does not appear the trial court took any further action in the case until September 26, 2013, when the court signed an order granting a motion to substitute counsel. On October 9, 2013, the trial court signed a new "Final Judgment." Cody Texas subsequently filed a motion for new trial, and on January 2, 2014, Cody Texas filed a notice of appeal.

A judgment that disposes of all parties and issues in a case is final and appealable. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191 (Tex. 2001). The trial court retains plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment for thirty days after the judgment is signed. TEX. R. CIV. P. 329b(d). If a timely motion for new trial or motion to modify, correct, or reform the judgment is filed, the trial court's plenary power is extended until thirty days after all such timely-filed motions are overruled. TEX. R. CIV. P. 329b(e), (g). An order signed after the court loses plenary power is void. *In re Brookshire Grocery Co.*, 250 S.W.3d 66, 72 (Tex. 2008); *In re J.P.L.*, 359 S.W.3d 695, 705 (Tex. App.—San Antonio 2011, pet. denied). A notice of appeal is due thirty days after the judgment is signed if no motion

extending the trial court's plenary power was filed, and is due ninety days after judgment if such a motion was filed. Tex. R. App. P. 26.1 (a).

The trial court's May 31, 2013 judgment appears to be final and appealable. If we construe Cody Texas's Objections to Plaintiff's Proposed Judgment as a motion to modify, correct, or reform the May 31 judgment, then the trial court's plenary power was extended until thirty days after the motion was overruled. *See* TEX. R. CIV. P. 329b(e), (g). The record does not contain a written order overruling the motion; it was therefore overruled by operation of law on August 14, 2013, seventy-five days after the judgment. *See* TEX. R. CIV. P. 329b(c). The trial court lost plenary power thirty days later, on September 13, 2014. *See* TEX. R. CIV. P. 329b(e). If, as it appears from the clerk's record, the trial court did not take any action to vacate, modify, correct, or reform the May 31, 2013 judgment while it had plenary power, that judgment is final and the subsequent October 9, 2013 judgment is void. *See* Tex. R. Civ. P. 329b; *Brookshire*, 250 S.W.3d at 72; *State ex rel. Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995); *J.P.L.*, 359 S.W.3d at 705. This court would have no jurisdiction over an appeal from the May 31, 2013 judgment because the notice of appeal was not filed within ninety days after that judgment.

We therefore **order** appellant Cody Texas L.P. file a response by **April 17, 2014**, establishing that an appeal from the final judgment was timely perfected. Appellant has the burden to request the trial court clerk prepare a supplemental clerk's record containing any pleadings and orders necessary to show this court's jurisdiction. Appellant must file a copy of any such request with this court. If appellant fails to satisfactorily respond within the time provided, the appeal will be dismissed. *See* TEX. R. APP. P. 42.3(c).

All deadlines in this appeal are suspended until further order of the court.

_____
Luz Elena D. Chapa, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 27th day of March, 2014.

_____
Keith E. Hottle
Clerk of Court