

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00087-CV

**Cody Texas, L.P.**,
Appellant

v.

**BPL Exploration, LTD.**,
Appellee

From the 49th Judicial District Court, Zapata County, Texas
Trial Court No. 6,097
Honorable Jose A. Lopez, Judge Presiding

PER CURIAM

Sitting:     Catherine Stone, Chief Justice
            Karen Angelini, Justice
            Luz Elena D. Chapa, Justice

Delivered and Filed: April 30, 2014

DISMISSED FOR LACK OF JURISDICTION

Cody Texas, L.P. filed a notice of appeal from the trial court's final judgment, which the notice of appeal states was signed October 9, 2013. Concluding that the trial court had lost plenary power when it signed the October 9, 2013 judgment and that no timely appeal was taken from the final judgment in the cause, we dismiss this appeal for lack of jurisdiction.

The underlying suit was filed in 2005 and tried to the bench in February 2009. On May 31, 2013, the trial court signed a "Final Judgment" that recited it disposed "of all parties and all claims and is appealable." On the same day, Cody Texas filed a request for additional and

amended findings of fact and conclusions of law and its objections to the proposed judgment. From the record before us, it does not appear the trial court took any further action in the case until September 26, 2013, when the court signed an order granting a motion to substitute counsel. On October 9, 2013, the trial court signed a new "Final Judgment." Cody Texas subsequently filed a motion for new trial, and on January 2, 2014, Cody Texas filed its notice of appeal.

A judgment that disposes of all parties and issues in a case is final and appealable. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191 (Tex. 2001). The trial court retains plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment for thirty days after the judgment is signed. TEX. R. CIV. P. 329b(d). If a timely motion for new trial or motion to modify, correct, or reform the judgment is filed, the trial court's plenary power is extended until thirty days after all such timely-filed motions are overruled. TEX. R. CIV. P. 329b(e), (g). An order signed after the court loses plenary power is void. *In re Brookshire Grocery Co.*, 250 S.W.3d 66, 72 (Tex. 2008); *In re J.P.L.*, 359 S.W.3d 695, 705 (Tex. App.—San Antonio 2011, pet. denied). A notice of appeal is due thirty days after the judgment is signed if no motion extending the trial court's plenary power was filed, and is due ninety days after judgment if such a motion was filed. TEX. R. APP. P. 26.1 (a).

The trial court's May 31, 2013 judgment was signed after a trial on the merits and disposed of all parties and issues in the case. It was a final and appealable judgment. If we construe Cody Texas's Objections to Plaintiff's Proposed Judgment as a motion to modify, correct, or reform the May 31 judgment, then the trial court's plenary power was extended until thirty days after the motion was overruled. *See* TEX. R. CIV. P. 329b(e), (g). The record does not contain a written order overruling the motion; it was therefore overruled by operation of law on August 14, 2013, seventy-five days after the judgment. *See* TEX. R. CIV. P. 329b(c). The trial court lost plenary power thirty days later, on September 13, 2013. *See* TEX. R. CIV. P. 329b(e). Because the trial

court did not vacate, modify, correct, or reform the May 31, 2013 judgment while it had plenary power, that judgment is final, and the subsequent October 9, 2013 judgment is void. *See* TEX. R. CIV. P. 329b; *Brookshire*, 250 S.W.3d at 72; *State ex rel. Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995); *J.P.L.*, 359 S.W.3d at 705. This court does not have jurisdiction over an appeal from the May 31, 2013 judgment because the notice of appeal was not filed within ninety days after that judgment.

After the clerk's record was filed, we ordered Cody Texas, L.P. to file a response showing cause why this appeal should not be dismissed for lack of jurisdiction. Cody Texas, L.P. has filed a response stating that dismissal of the appeal is appropriate. We therefore dismiss this appeal for lack of jurisdiction.

PER CURIAM