

# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

June 9, 2015

The Honorable René O. Oliveira
Chair, Committee on Business & Industry
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No.    KP-0022

Re:    Authority of investment pools under the
Public Funds Investment Act (RQ-1233-GA)

Dear Representative Oliveira:

You ask several questions about investment pools' authority under the Public Funds Investment Act (the "Act").[1] The Act generally governs the investment of public funds by state agencies, local governments, and public funds investment pools. *See* TEX. GOV'T CODE ANN. § 2256.003 (West 2008). An investment pool is "an entity created under [the Government Code] to invest public funds jointly on behalf of the entities that participate in the pool and whose investment objectives in order of priority are: (A) preservation and safety of principal; (B) liquidity; and (C) yield." *Id.* § 2256.002(6). You state that in some circumstances it may be advantageous for an investment pool to form a subsidiary to facilitate an investment pool's operation and compliance with state and federal securities law. Request Letter at 1–2. Your first question is two-fold: (1) "whether an investment pool may invest all or a portion of its assets in a wholly-owned subsidiary trust or other entity . . . as long as such Subsidiary complies with all provisions of the [Act] applicable to 'entities,' as such term is defined therein," and (2) whether such a subsidiary is itself "an 'entity' as defined in the [Act] and therefore may make authorized investments for the ultimate benefit of the participants of the Parent pool." *Id.* at 2, 4.

The Act defines the terms "entity" and "investing entity" as "an entity subject to [the Act] and described by Section 2256.003." TEX. GOV'T CODE ANN. § 2256.002(5) (West 2008). The entities described in section 2256.003 are "a local government[,] . . . a state agency," certain nonprofit corporations, and "an investment pool acting on behalf of two or more local governments, state agencies, or a combination of those entities." *Id.* § 2256.003(a) (granting investment authority to the governing body of "an investment pool acting on behalf of two or more local governments, state agencies, or a combination of those entities"). The Act does not expressly address a public funds investment pool's authority to create and invest in a subsidiary. But when the Legislature creates an entity, the Legislature "impliedly intends that the [entity] have whatever

---

[1]*See* Letter from Honorable René O. Oliveira, Chair, House Comm. on Bus. & Indus., to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (Dec. 10, 2014), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

powers are reasonably necessary to fulfill its express functions or duties, and the legislature is not required to include every specific detail or anticipate all unforeseen circumstances" when it enacts the entity's authorizing statute. *Tex. Orthopaedic Ass'n v. Tex. State Bd. of Podiatric Med. Exam'rs*, 254 S.W.3d 714, 719 (Tex. App.—Austin 2008, pet. denied) (quotation marks omitted).

Although the Act does not attempt to prescribe in detail how an entity may execute its investments, the Act regulates an entity's investing by authorizing only certain kinds of investments, prioritizing investment objectives, and mandating the standard of care that an entity's governing body must observe when it invests public funds, among other requirements.[2] The Act does not prohibit an investment pool from creating and investing all or part of its assets in a wholly-owned subsidiary, but to do so the investment pool's governing body must determine that it is reasonably necessary to fulfill the investment pool's statutory functions and duties. Furthermore, the respective governing bodies of the investing entities, the investment pool, and the subsidiary must otherwise comply with the Act's regulations and standards.[3] And, although no judicial or attorney general opinion has addressed the question, a court could conclude that a subsidiary that is wholly-owned and controlled by an investment pool is itself an investment pool with the authority to invest public funds if it acts "on behalf of two or more local governments, state agencies, or a combination of those entities." TEX. GOV'T CODE ANN. § 2256.003(a)(4) (West 2008).

In your second question, you ask about the composition of the advisory boards of investment pools and their subsidiaries under subsection 2256.016(g)(2) of the Act. Request Letter at 2, 4–5. Subsection (g) provides:

> (g)   To be eligible to receive funds from and invest funds on behalf of an entity under this chapter, a public funds investment pool must have an advisory board composed:
>
>    (1)   equally of participants in the pool and other persons who do not have a business relationship with the pool and are qualified to advise the pool, for a public funds

---

[2]*See, e.g.*, TEX. GOV'T CODE ANN. §§ 2256.002(6) (West 2008) (stating the order of priority of an investment pool's investment objectives); .003 (stating an entity's authority to invest funds); .005(b) (West Supp. 2014) (requiring the governing body of an investing entity to formulate investment policies which "primarily emphasize safety of principal and liquidity" and "address investment diversification," among other requirements); .006 (West 2008) (stating the standard of care for making investments); .009–.016 (West 2008 & Supp. 2014) (authorizing specific investments).

[3]Section 2256.016 of the Government Code authorizes an entity to invest through an investment pool, provided that "the governing body of the entity by rule, order, ordinance, or resolution, as appropriate, authorizes investment in the particular pool," which could include a subsidiary that is an investment pool. *Id.* § 2256.016(a) (West Supp. 2014).

> investment pool created under 791 [the Interlocal Cooperation Act] and managed by a state agency; or
>
> (2) of participants in the pool and other persons who do not have a business relationship with the pool and are qualified to advise the pool, for other investment pools.

TEX. GOV'T CODE ANN. § 2256.016(g) (West Supp. 2014). Subsection (g)(1) requires that the board of a public funds investment pool created under the Interlocal Cooperation Act and managed by a state agency must be composed equally of pool participants and qualified advisors who do not have a business relationship with the pool. *Id.* § 2256.016(g)(1).[4] For other investment pools, subsection (g)(2) requires that the board be composed of participants and qualified advisors, without stating that the number of participants and qualified advisors must be equal as in subsection (g)(1). *Id.* § 2256.016(g)(2). You state that it may be advisable for a board subject to subsection 2256.016(g)(2) to be composed exclusively of either all pool participants or all independent qualified advisors. Request Letter at 5. You ask whether a board subject to subsection (g)(2) must be composed of both pool participants and independent qualified advisors, or whether subsection (g)(2) is merely a prohibition against including board members who are neither pool participants nor independent qualified advisors. *Id.* at 2, 4–5.

Subsection (g)(2) states that a board subject to its terms must be composed of pool participants *and* qualified advisors, not pool participants *or* qualified advisors. TEX. GOV'T CODE ANN. § 2256.016(g)(2) (West Supp. 2014). As the Texas Supreme Court has explained, "ordinarily the words 'and' and 'or' are not interchangeable." *In re Brookshire Grocery Co.*, 250 S.W.3d 66, 69–70 (Tex. 2008) (quotation marks omitted). The word "and" in a statute should be construed to mean "or" only "where it must be done in order to effectuate the manifest intention of the user; and where not to do so would render the meaning ambiguous, or result in an absurdity; or would be tantamount to a refusal to correct a mistake." *Bayou Pipeline Corp. v. R.R. Comm'n of Tex.*, 568 S.W.2d 122, 125 (Tex. 1978). Subsection 2256.016(g)(2) unambiguously requires the board of an investment pool subject to its terms be composed of both pool participants and independent qualified advisors, although the board is not required to be composed of an equal number of such persons.

You also ask whether the members of the advisory board of a wholly-owned subsidiary may be identical to the members of the investment pool that owns the subsidiary. Request Letter at 2, 5. As noted above, the Act does not address subsidiary entities owned by investment pools. Accordingly, the Act does not prohibit the board members of an investment pool from serving as the board of a wholly-owned subsidiary. You do not ask, and we do not address, whether such an arrangement would comply with other state or federal law.

Finally, you ask "whether an investment pool may be an entity formed under the laws of another state in the United States . . . as long as such entity otherwise satisfies all requirements under Texas law for such foreign entity to conduct business in the State." *Id.* Section 2256.016

---

[4]*See id.* §§ 791.001–.035 (West 2012 & Supp. 2014) (Interlocal Cooperation Act).

of the Act provides general requirements of an investment pool but does not address whether it may be formed under another state's law. TEX. GOV'T CODE ANN. § 2256.016 (West Supp. 2014). The Act defines the origin of an investment pool as "an entity created under" the Government Code but states that the authority it grants "is in addition to that granted by other law." *Id.* §§ 2256.002(6), .024(a) (West 2008). Accordingly, the Act does not prohibit an investment pool from being formed under the laws of another state provided the investment pool so formed complies with the Act and other Texas law applicable to an entity doing business in Texas. *See, e.g.,* TEX. BUS. ORG. CODE ANN. §§ 9.001–.301 (West 2012) (chapter 9 "Foreign Entities").

## S U M M A R Y

The Public Funds Investment Act does not prohibit an investment pool from creating and investing in a subsidiary, provided that (1) the investment pool's governing body determines that doing so is reasonably necessary to fulfill the investment pool's statutory functions and duties; and (2) the governing bodies of the investing entities, the investment pool, and the subsidiary otherwise comply with the Act's regulations and standards. A court could conclude that a subsidiary that is wholly-owned and controlled by an investment pool is itself an investment pool with the authority to invest public funds if ultimately it acts on behalf of two or more local governments, state agencies, or a combination of those entities.

Subsection 2256.016(g)(2) of the Act requires the board of an investment pool subject to its terms to be composed of both pool participants and independent qualified advisors, although the board is not required to be composed of an equal number of such persons. The Act does not prohibit the members of a board of an investment pool from serving as the board of a wholly-owned subsidiary.

The Act does not prohibit an investment pool from being formed under the laws of another state provided that state's laws are consistent with the Act and other Texas law applicable to an entity doing business in Texas.

Very truly yours,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

BRANTLEY STARR
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

WILLIAM A. HILL
Assistant Attorney General, Opinion Committee