**Dismissed and Memorandum Opinion filed May 5, 2020.**



In The

# Fourteenth Court of Appeals

## NO. 14-19-00259-CV

**BILL FONTENOT AND FELICIA FONTENOT, Appellants**

**V.**

**LIBERTY MUTUAL INSURANCE COMPANY AND MATTHEW GOLDEN, INDIVIDUALLY, Appellees**

**On Appeal from the 190th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2016-19005**

## M E M O R A N D U M   O P I N I O N

This is an attempted appeal from a final summary judgment. Because the appellants' notice of appeal was untimely filed, we dismiss the appeal for want of jurisdiction.

The record shows that on November 29, 2018, the trial court signed a final judgment granting the motion for summary judgment filed by defendants Liberty Insurance Corporation (incorrectly named as Liberty Mutual Insurance Company)

and Matthew Golden. Plaintiffs Bill and Felicia Fontenot timely filed a motion for reconsideration—in effect, a motion for new trial—on December 31, 2018, and the motion was overruled by operation of law. *See* TEX. R. CIV. P. 4 (computation of time); TEX. R. CIV. P. 329b(a) (time for filing motion for new trial); TEX. R. CIV. P. 329b(c) (motion for new trial overruled by operation of law if not signed within seventy-five days of judgment).

The timely filed motion for new trial had two effects on the timelines applicable to this case. First, it extended the trial court's plenary power for thirty days after the motion was overruled by operation of law or by a signed order, whichever occurred first. *See* TEX. R. CIV. P. 329b(e). Thus, the trial court retained plenary power for thirty days after the motion was overruled by operation of law, that is, until March 14, 2019. Second, the motion extended the time for filing a notice of appeal, so that the notice was due ninety days after the final judgment was signed, that is, on February 27, 2019. *See* TEX. R. APP. P. 26.1(a)(1). An appellate court may extend by fifteen days the deadline for filing a notice of appeal, which would have made the Fontenots' notice of appeal due on March 14, 2019, the same day the trial court's plenary power expired. TEX. R. APP. P. 26.3.

The Fontenots, however, did not file a notice of appeal until March 25, 2019. We accordingly notified the parties of our intent to dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3. Although the Fontenots responded to the notice, their arguments for jurisdiction lack merit.

The Fontenots contend that, despite its terms, the order granting summary judgment was not a final order. But as a matter of law, a judgment that expressly disposes of all pending parties and claims is final and appealable. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195, 200 (Tex. 2001). The trial court's order of

November 29, 2018, stated, "This judgment finally disposes of all parties and all issues and is appealable"; thus, the order was a final judgment.

The Fontenots next represent that they filed an amended motion for reconsideration and that the judgment did not become final until the trial court signed an order denying their amended motion. That argument fails for three reasons. First, there is no such order; the trial court signed an order denying the Fontenots' original motion for reconsideration, not their amended motion. Second, even the order denying the Fontenots' original motion had no effect on the deadline to appeal, because the order was signed after the motion already had been overruled by operation of law. *See* TEX. R. CIV. P. 329b(e) (trial court's plenary power extends for thirty days after a timely-filed motion for new trial is overruled by operation of law or by a signed order, "whichever occurs first"). Third, an untimely amended motion for new trial does not extend the trial court's plenary power. *See In re Brookshire Grocery Co.*, 250 S.W.3d 66, 69–70 (Tex. 2008) (orig. proceeding). An amended motion for new trial can be filed without leave of court only "before any preceding motion for new trial filed by the movant is overruled and within thirty days after the judgment or other order complained of is signed." TEX. R. CIV. P. 329b(b). The Fontenots' amended motion for reconsideration met neither requirement; it was filed eight-eight days after the judgment was signed, after their original motion for new trial was overruled by operation of law.

Finally, the Fontenots argue that they added Bank of America, N.A. as an additional defendant by an amended petition filed on February 25, 2019, and the judgment signed three months earlier was not final until they nonsuited Bank of America. But, a party can amend its pleadings post-judgment only with the trial court's leave. *See* TEX. R. CIV. P. 63. The Fontenots neither sought nor obtained the trial court's permission to amend their pleadings. Moreover, they do not contend that

the additional defendant was served, waived service, or answered. To the contrary, they point out that less than two weeks after filing their unauthorized amended petition, they filed a notice of nonsuit with prejudice of all of their claims against Bank of America. Thus, the Fontenots' unilateral post-judgment attempts to add and dismiss an additional party does not affect the judgment's finality. *See Youngstown Sheet & Tube Co. v. Penn*, 363 S.W.2d 230, 232 (Tex. 1962) (judgment treated as final because record failed to show that an additional named defendant was served or answered); *Kennedy v. Turner Ind. Grp., LLC*, No. 14-09-00377-CV, 2010 WL 1541638, at *1 (Tex. App.—Houston [14th Dist.] Apr. 20, 2010, pet. denied) (mem. op.) (treating judgment as final, because in appellant's response to appellate court's notice of intent to dismiss, appellant did not contend that the additional defendants "have been or will be served or have filed an answer in the suit").

Because the notice of appeal was untimely, we lack jurisdiction. We accordingly dismiss the appeal without addressing the merits.


/s/     Tracy Christopher
        Justice


Panel consists of Justices Christopher, Wise, and Zimmerer.