**Petition for Writ of Mandamus Conditionally Granted and Memorandum Opinion filed August 9, 2022.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-22-00347-CV

---

## IN RE ISMAIL A. SEMA AND MOHMADY A. SEMA, Relators

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**Co Civil Ct at Law No 3**
**Harris County, Texas**
**Trial Court Cause No. 1154614**

---

## MEMORANDUM OPINION

On Thursday, May 12, 2022, relators Ismail A. Sema and Mohmady A. Sema filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the Honorable LaShawn A. Williams, presiding judge of County Civil Court at Law No. 3 of Harris County, to vacate the trial court's order of January 11, 2022.

The real party in interest, Gregory D. Harris, individually and as next friend of C.H.J. and J.H., minors, filed suit against relators. On August 20, 2021, the trial court granted relators' no-evidence motion for summary judgment and dismissed all of Harris's claims. Harris filed a motion for new trial on September 24, 2021. On January 11, 2022, the trial court granted the motion, set aside the August 20, 2021 order, and reinstated the case.

The motion for new trial was untimely filed and therefore did not operate to extend the trial court's plenary power. *See* Tex. R. Civ. P. 329(a) (a motion to modify, correct or reform the judgment shall be filed within thirty days). The trial court's plenary power expired on September 20, 2021, thirty days after the final judgment was signed. *See* Tex. R. Civ. P. 329(d) (the trial court has plenary power to modify, correct or reform the judgment for thirty days).[1]

Accordingly, the order signed January 11, 2022, is void. *See In re S.W. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding) (per curiam). For that reason, relators need not show they lack an adequate remedy by appeal and mandamus relief is appropriate. *See In re S.W. Bell Tel. Co.*, 35 S.W.3d at 605; *In re Brookshire Grocery Co.*, 250 S.W.3d 66, 70 (Tex. 2008) (stating that mandamus relief is appropriate when trial court issues order after expiration of plenary

---

[1] Even if the trial court's plenary power had been extended, it would have expired seventy-five days after the judgment was signed, on November 3, 2021. *See* Tex. R. Civ. P. 329(c).

power). Accordingly, we conditionally grant the writ of mandamus and order the trial court to vacate the January 11, 2022 order.[2]

PER CURIAM

Panel consists of Justices Bourliot, Hassan and Wilson.

---

[2] The writ will issue only if the trial court fails to act in accordance with this opinion.