

ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

September 12, 2012

The Honorable Jeri Yenne
Brazoria County Criminal District Attorney
111 East Locust, Suite 408A
Angleton, Texas 77515

Opinion No. GA-0966

Re: Authority to operate a golf cart under section 551.403 of the Transportation Code (RQ-1052-GA)

Dear Ms. Yenne:

You ask about section 551.403(a) of the Transportation Code, which permits limited operation of a golf cart in specified locations.[1] Section 551.403(a) provides:

> (a) An operator may operate a golf cart:
>
> (1) in a master planned community:
>
> (A) that has in place a uniform set of restrictive covenants; and
>
> (B) for which a county or municipality has approved a plat;
>
> (2) on a public or private beach; or
>
> (3) on a public highway for which the posted speed limit is not more than 35 miles per hour, if the golf cart is operated:
>
> (A) during the daytime; and
>
> (B) not more than two miles from the location where the golf cart is usually parked and for transportation to or from a golf course.

---

[1] *See* Letter from Honorable Jeri Yenne, Brazoria Cnty. Criminal Dist. Att'y, to Honorable Greg Abbott, Tex. Att'y Gen. at 2–3 (Apr. 5, 2012), http://www.texasattorneygeneral.gov/opin ("Request Letter").

TEX. TRANSP. CODE ANN. § 551.403(a) (West 2011).[2]  You ask first how "master planned community" should be construed for purposes of the statute. Request Letter at 2.  No Texas statute or rule defines the term "master planned community."  Nor has any judicial opinion construed section 551.403. In the only Texas court decision we have located that discusses the meaning of the term, the Supreme Court of Texas observed that "'[m]aster planned community' and 'planned community' are terms of art, specifying a particular form of common ownership." *Parkway Co. v. Woodruff*, 901 S.W.2d 434, 440 (Tex. 1995) (concerning the Deceptive Trade Practices Act). The court further stated:

> Master planned communities are typically residential developments zoned as planned unit developments with a homeowners' association to maintain common area improvements and to enforce other covenants and restrictions after the initial development stage. The owners of the individual units hold title to the unit, but the association holds title to the common amenities. Membership in the association is mandatory for all owners of individual units.

*Id.* at 440 n.8 (citations omitted).  The court's description of a master planned community is consistent with the requirements of section 551.403(a)(1) that the community have "a uniform set of restrictive covenants" and that the community's plat has been approved by the pertinent county or municipality. TEX. TRANSP. CODE ANN. § 551.403(a)(1)(A)–(B) (West 2011). Without further guidance from the Legislature or the courts, however, we are unable to provide a more precise definition of the term for section 551.403(a)'s purposes.

Your second question asks whether a person operating a golf cart in a master planned community under subsection (a)(1) of section 551.403 is also subject to the time-of-day, speed-limit, and other limitations in subsection (a)(3). Request Letter at 3. Subsections (a)(1), (a)(2), and (a)(3) describe different locations, separated by the disjunctive word "or." Ordinarily, the word "or" is "used to express an alternative or to give a choice of one among two or more things." *City Of Lubbock v. Adams*, 149 S.W.3d 820, 827 (Tex. App.—Amarillo 2004, pet. denied) (noting dictionary definitions); *see also In re Brookshire Grocery Co.*, 250 S.W.3d 66, 69 (Tex. 2008) (stating general distinction between the words "or" and "and"). Under the statute, a person is operating a golf cart legally if the person is operating a golf cart within the parameters of subsection (a)(1), (a)(2), *or* (a)(3) of that section. Thus, a person operating a golf cart under subsection (a)(1) need not also satisfy the requirements of subsection (a)(3).

Finally, you ask about subsection 551.403(a)(3)(B), which allows a person to operate a golf cart on certain public highways only if, among other things, the cart is operated "not more than two

---

[2]For purposes of subchapter F of chapter 551, a "'Public Highway' includes a road, street, way, thoroughfare, or bridge: (A) that is in this state; (B) that is for the use of vehicles; (C) that is not privately owned or controlled; and (D) over which the state has legislative jurisdiction under its police power." TEX. TRANSP. CODE ANN. §§ 502.001(35), 551.401(1) (West 2011).

miles from the location where the golf car is usually parked and for transportation to or from a golf course." TEX. TRANSP. CODE ANN. § 551.403(a)(3)(B) (West 2011); Request Letter at 3. You ask whether, under section 551.403(a)(3)(B), a person who operates a golf cart on a public highway during the daytime not more than two miles from where the golf cart is usually parked is limited to operating the golf cart only for the purpose of transportation to or from a golf course. Request Letter at 3. The distance limitation and the purpose requirement in subsection 551.403(a)(3)(B) are separated by the conjunctive word "and." Thus, the provision sets forth cumulative rather than alternative limitations. *See In re Brookshire Grocery Co.*, 250 S.W.3d at 69. Accordingly, section 551.403(a)(3) allows operation of a golf cart on certain public highways only if, among other requirements, the golf cart is operated not more than two miles from where the golf cart is usually parked and is operated only for the purpose of transportation to or from a golf course.

### S U M M A R Y

A person is operating a golf cart legally for purposes of section 551.403 of the Texas Transportation Code if a person is operating a golf cart within the parameters of subsection (a)(1), (a)(2), or (a)(3) of that section.

Subsection 551.403(a)(3) of the Transportation Code allows operation of a golf cart on a public highway only if, among other requirements, the golf cart is operated not more than two miles from the location where the golf cart is usually parked and is operated only for the purpose of transportation to or from a golf course.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chairman, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee