# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00197-CV

**Varnel Lee Diggs, Appellant**

v.

**GMAC Mortgage, LLC; and Federal National Mortgage Association, Appellees**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT
## NO. D-1-GN-11-003154, HONORABLE ORLINDA NARANJO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Varnel Lee Diggs filed a January 18, 2013 notice of appeal arising from an order granting summary judgment in favor of GMAC Mortgage, LLC and Federal National Mortgage Association that the trial court signed on August 28, 2012.[1]  As a preliminary matter, appellees argue that we lack jurisdiction because Diggs did not timely perfect his appeal.  *See* Tex. R. App. P. 26.1.  We agree.

In filing his notice of appeal, Diggs mistakenly relied on an order denying his motion to vacate the summary judgment.  The motion to vacate was one of three motions Diggs filed challenging the summary judgment after it was granted.  On September 19, 2012, he filed a motion to reconsider seeking to vacate the summary judgment, which the trial court denied in a final order

---

[1] The order granting summary judgment specified that Diggs would "take nothing on his claims against Defendants" and stated that the case was "dismissed with prejudice."

signed on November 1, 2012.  On November 29, 2012, Diggs filed a motion to vacate the summary judgment, and on December 5, 2012, he filed an "amended" motion to vacate the denial of his motion to reconsider.[2]  The trial court denied the latter motion in a final order signed on January 3, 2013.[3]  The January 3 order is the stated basis for Diggs's notice of appeal.[4]

However as appellees note, Diggs's appellate deadlines in this case are calculated from the trial court's August 28, 2012 order granting summary judgment, not from the date that the court denied Diggs's third motion seeking to vacate the order.  *See* Tex. R. App. P. 26.1.  The trial court considered Diggs's motion to reconsider—which repeatedly requested that the summary judgment be vacated—as the equivalent of a motion for new trial.  *See In re Brookshire Groc. Co.*, 250 S.W.3d 66, 73 (Tex. 2008) (distinguishing motion to modify judgment from motion for new trial by noting that "the fundamental nature of a new trial motion . . . seeks not to reform, but to vacate the court's judgment").[5]  As such, Diggs's September 19, 2012 motion extended his deadline for filing a notice of appeal by 90 days to November 26, 2012.  *See* Tex. R. App. P. 26.1(a)(1); Tex. R. Civ. P. 329b(a).  Diggs's appellate deadline might have been further extended if he had filed either a notice of appeal with the trial court or a motion for extension of time with this Court by

---

[2] The November 29 motion to vacate is not in the clerk's record but is reflected as an entry in the docket sheet.

[3] A different Travis County judge signed the orders denying Diggs's motion to reconsider and motion to vacate the summary judgment.

[4] Diggs's notice of appeal states that he is appealing "the trial court's judgment rendered on January 3, 2013."

[5] The trial court's order refers to Diggs's motion to reconsider as a "Motion for Reconsideration, or Motion for New Trial."

December 11, 2012. *See* Tex. R. App. P. 26.3 (providing that court may grant extension of time if party files notice of appeal or motion to extend time within 15 days after deadline for filing notice of appeal); *Verburgt v. Dorner*, 959 S.W.2d 615, 617-18 (Tex. 1997). But he did not do so. And Diggs's two subsequent motions to vacate that were filed after the denial of his motion to reconsider (i.e., motion for new trial), did not extend his appellate deadline. *See Brookshire Grocery*, 250 S.W.3d at 72.

The notice of appeal that Diggs filed 143 days after the August 28, 2012 judgment is untimely, and as such, we lack jurisdiction over this appeal. *See* Tex. R. App. P. 25.1(b) (providing that filing of notice of appeal invokes appellate court's jurisdiction). Accordingly, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

_____

Jeff Rose, Justice

Before Justices Puryear, Rose, and Goodwin

Dismissed for Want of Jurisdiction

Filed: December 18, 2013

3