

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0234-20

### CHRISTOPHER MICHAEL RUBIO, Appellant

### v.

### THE STATE OF TEXAS

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE FIFTH COURT OF APPEALS
## DALLAS COUNTY

KELLER, P.J.,filed a dissenting opinion in which HERVEY and KEEL, JJ., joined.

The Court says that Rule 21.4 "does not explicitly preclude a defendant from obtaining leave of court to file an amended motion for new trial *after* the overruling of an initial motion." "As a result," the Court says, it is consistent with the language of the rule to understand "it" (i.e. the rule) to permit a defendant to file an amended motion even after an initial motion has been ruled on, as long as leave of court is given. But that conclusion fails to account for the limited nature of a trial court's power in the post-judgment context.

At most, a trial court in a criminal case has plenary power to revisit a judgment on any

ground within 30 days after the judgment has been rendered.[1] After that time, the authority to grant

a new trial must be conferred by statute or rule. In criminal cases, a new trial may be granted on the

basis of a ground in a defendant's motion if the motion is filed within the time provided by the rules

of appellate procedure[2] and if the motion is granted within 75 days after judgment.[3] It is not enough

to say that Rule 21.4 does not preclude the filing of an amended motion for new trial under the

circumstances presented in this case. For the trial court to have authority to grant a new trial in this

case, Rule 21.4 would have to authorize the filing of an amended motion under the circumstances

before us, and it clearly does not.

Moreover, the Court's reading of Rule 21.4 conflicts with Texas Supreme Court precedent

construing a substantively identical rule regarding motions for new trial in civil cases, and it also

conflicts with our decision in *Moore*. Although the Court attempts to harmonize the two cases, they

cannot be reconciled if the language of the rule is read consistently.

### A. Opinions from Other Courts

For criminal cases, regarding amended motions for new trial, Rule 21.4(b) provides:

> Within 30 days after the date when the trial court imposes or suspends sentence in
> open court but before the court overrules any preceding motion for new trial, a
> defendant may, without leave of court, file one or more amended motions for new

---

[1] *See State v. Brent*, No. PD-0020-21, 2021 Tex. Crim. App. LEXIS 977, \*3-4, \*11-12 (October 20, 2021) (stating, in the context of judicial clemency after completing community supervision, that the trial court does not have never-ending jurisdiction and that jurisdiction was limited to thirty-day plenary power).

[2] TEX. R. APP. P. 21.4.

[3] TEX. R. APP. P. 21.8(a).

trial.[4]

The civil rule for amending motions for new trial, Rule 329b(b), provides:

> One or more amended motions for new trial may be filed without leave of court before any preceding motion for new trial filed by the movant is overruled and within thirty days after the judgment or other order complained of is signed.[5]

While the language of the civil rule has been arranged in a different order from our rule, they are substantively identical in all ways pertinent to this case. In *Brookshire*, the Texas Supreme Court discussed the history of the civil rule and noted:

> [T]imely amended motions for new trial have always been limited to those filed before the trial court overruled a preceding motion, regardless of whether leave of court was required.[6]

Reading the criminal rule in light of the Supreme Court's interpretation of its civil counterpart leads to the conclusion that an amended motion for new trial in a criminal case is untimely if filed after the original motion is overruled—even if the amended motion is filed within 30 days and with leave of court.

It is true that a trial court in a civil case might be able to grant relief on a ground raised in an untimely amended motion for new trial. As the Court says, the issue in *Brookshire* was whether an amended motion for new trial, filed after a ruling on the initial motion for new trial, can extend the trial court's plenary power. A different part of Rule 329b confers expanded plenary power when a motion for new trial is timely filed:

---

[4] TEX. R. APP. P. 21.4(b).

[5] TEX. R. CIV. P. 329b(b).

[6] *In re Brookshire Grocery Co.*, 250 S.W.3d 66, 71 (Tex. 2008).

> If a motion for new trial is timely filed by any party, the trial court, regardless of whether an appeal has been perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment until thirty days after all such timely-filed motions are overruled, either by a written and signed order or by operation of law [75 days], whichever occurs first.[7]

In civil cases, this rule actually extends the trial court's plenary power over a case, allowing the trial court to grant a new trial on *any* basis, as long as it is done within 30 days after a timely filed motion for new trial has been overruled. Under *Brookshire*, an untimely amended motion does not extend the plenary power of the trial court, but the trial court could still grant a new trial on the grounds raised in the amended motion if doing so is within the plenary power that was extended by the original motion for new trial.[8] Suppose, for example, that the trial court in a civil case denied an original motion for new trial on day 15 after judgment and that a party filed an amended motion for new trial on day 30. The trial court's plenary power to grant a new trial in the civil case would extend 30 days past the time it denied the original motion—day 45. Because the civil rule extends the trial court's *plenary power* to day 45, the trial court could grant a new trial for any reason up to that day—including any grounds in an untimely motion. (Had the amended motion been timely, the trial court's plenary power would have lasted longer—to day 105 (75 + 30) if the amended motion had not been overruled).

But there is no criminal counterpart to the civil provision extending a trial court's plenary power. In criminal cases, the trial court does not retain plenary power to grant a new trial after thirty days. Rather, the rules confer the *specific* authority to grant a *motion* for new trial until 75 days have

---

[7] TEX. R. CIV. P. 329b(e). For 75-day requirement, *see* TEX. R. CIV. P. 329b(c).

[8] *Brookshire*, 250 S.W.3d at 69-70.

passed.[9]  And the motion must be one that the rules authorize a defendant to file.[10]  An amended motion for new trial is authorized by the rules only if filed within 30 days and before a preceding motion is overruled.

Also, as the Court acknowledges, courts of appeals in Amarillo, Corpus Christi, Dallas, and Houston have all held that an amended motion for new trial may not be filed after the trial court has ruled on an earlier motion for new trial, even with leave of court.  The Court does not cite a single court of appeals case that holds what the Court holds today, and I have not found one.[11]

Perhaps the reasoning in *Brookshire* would support the granting of a ground in an untimely amended motion for new trial in a criminal case under limited circumstances.  The trial court might be able to grant a new trial during the 30 days after judgment, on the basis that it still had plenary power to grant a new trial on *any* ground.  Or perhaps the trial court could grant leave to amend during the 30-day plenary-period.  But we do not decide those issues because neither occurred here.

### B. The language of Rule 21.4 and *Moore*

With regard to amendments, Rule 21.4(b) includes two clauses: a timing clause and an authorization clause. The timing clause refers both to the amendment being filed within 30 days and to the amendment being filed before the motion is overruled.  Pairing the timing clause to the words that invoke the timing elements, we have: "Within 30 days . . . but before the court overrules."  The authorization clause then refers to the defendant, "without leave of court," being permitted to file an

---

[9]  TEX. R. APP. P. 21.8(a).

[10]  *See* TEX. R. APP. P. 21.4.

[11]  Appellant cites a number of cases for the proposition that a trial court may rescind an order denying a motion for new trial.  The Court does not address that issue.

amended motion for new trial. This structure shows that both the "30 days" part of the timing clause and the "before the court overrules" part of that clause modify the authorization clause in the same way. If the language of the rule permits the filing of an amended motion for new trial with leave of court after a trial court overrules the motion (as the Court holds today), then the language necessarily also permits the filing of a motion for new trial with leave of court after the 30 day period.

But *Moore* held to the contrary with respect to the 30 day period, holding that no amendment is allowed after 30 days, even with leave of court.[12] If we interpret the language of the rule consistently, we must hold that the rule also does not permit amendment, even with leave of court, after the motion has been overruled.

The Court attempts to distinguish *Moore* by pointing out that Rule 21.4(a) imposes a 30-day limit in which to file a motion for new trial. That is true, but Rule 21.4(a) deals with original motions for new trial, not amended motions for new trial. The logic of the Court's analysis of Rule 21.4(b) would lead to the conclusion that an amended (but not original) motion for new trial may indeed be filed after 30 days as long as leave of court is given.

### C. Policy reasons

The Court says that its holding today is consistent with recent decisions such as *Awadelkarim* and *Kirk*, where the trend has been to affirm the trial court's discretionary authority in ruling upon motions for new trial. But those cases dealt with a trial court's authority to rescind an earlier order on a motion for new trial, not with the meaning of Rule 21.4(b).

And policy reasons would seem to counsel a conclusion contrary to what the Court holds

---

[12] *State v. Moore*, 225 S.W.3d 556, 566 (Tex. Crim. App. 2007).

today.  From the fact that the rule "does not explicitly preclude" a defendant from doing a certain thing, the Court concludes that the rule permits it.  I would hesitate to hold that a rule's silence on an issue amounts to permission.

I respectfully dissent.


Filed: January 26, 2022
Publish